EVERS, J.T.C.
The borough assessor seeks a review and determination of a judgment of the Bergen County Board of Taxation affirming an earlier directive which required the assessor to amend the borough tax list for 1982. A decision in favor of plaintiff would, at least inferentially, direct the board to refrain from taking such action with respect to 1983.[1] Plaintiff commenced this action under N.J.S.A. 2A:3A-4.1 and N.J.S.A. 54:2-35, which confer jurisdiction on this court to review any actions or determinations of a county board.[2] The specific issue relates to whether Block 17, Lot 9 (owned by Chester L. Suckley and Margaret, his wife, by the entireties) and Lot 10 (owned only by Chester L. Suckley) should be considered as one or two individual lots. The undisputed facts follow.
Some time in the late 1970s the contiguous lots 9 and 10, which prior thereto had been separately assessed, were assessed as one property, resulting in the submission of one tax bill to the Suckleys. In 1982, when the matter was first brought to its attention and pursuant to its authority to review and revise tax lists pursuant to N.J.S.A. 54:4-46 and 47, the board ordered the assessor to separately assess the two lots for 1982. Borough’s appeal to the board seeking a judgment that lots 9 and 10 should be merged as one line item for purposes of tax assessment and collection was dismissed. This appeal followed.
N.J.S.A. 54:4-1 et seq. imposes the initial and primary requirement for assessing property in the municipal tax assessor.
*106 All real property shall be assessed to the person owning the same on October 1 in each year. The assessor shall ascertain the names of the owners of all real property situate in his taxing district, and after examination and inquiry, determine the full and fair value of each parcel of real property situate in the taxing district. ... [N.J.S.A. 54:4-23]
The statute thus provides that real property is to be separately assessed as to “each parcel.” In addition, N.J.S.A. 54:4-24 provides that
The assessor shall make a list in tabular form of the names of the owners, and set down in proper columns opposite each name the description and area of each parcel sufficient to ascertain its location and extent and the taxable value of each parcel as determined by him.
Thus, each parcel of property must be separately assessed by the assessor to the owners thereof on a tabular list and must be sufficiently described to enable its proper identification.
N.J.S.A. 54:4-28 states:
In taxing districts having adopted block assessment maps the assessor, in making assessments for taxes, shall describe the real property by block and lot numbers as shown upon the assessment map.
Thus, the block and lot designations, where applicable, establish the identity of the parcel of real property for separate assessment purposes.
Notwithstanding the foregoing statutory mandates, plaintiffs argue that pursuant to the Tenafly zoning ordinance, as well as a decision of its board of adjustment and a judgment of the Superior Court and of the Division of Tax Appeals, it is, if not required, at least justified in treating the property as one parcel. Additionally, plaintiffs claim that because of an impending revaluation and the fact that the borough tax map already delineates the property as one lot, the borough will be irreparably damaged unless the relief is granted.
The zoning ordinance (§ 2230) states:
If two or more lots or combinations of lots and portions of lots, developed or undeveloped, with continuous frontage or contiguous rear yards in single ownership do not meet the requirements for lot width and area as established by this Ordinance, the lands involved shall be considered to be an undivided parcel for the purposes of this Ordinance, and no portion of said parcel shall be used or sold which does not meet lot width and area requirements established by this Ordinance, nor shall any division of the parcel be made which leaves remaining any lot with width or area below the requirements stated in this Ordinance.
*107 Where adjacent or contiguous properties are owned, one by one spouse and the other by the other spouse or both spouses jointly, or one by a partner and the other by a partnership or copartner, or one by a corporation and the other by an officer or principal thereof, or one by any person or legal entity and the other by another person or entity related to or in privity thereto, then neither parcel shall be deemed to be in “single or separate ownership” but instead both tracts shall be considered as merged for purposes of enforcing minimum lot size or area, the purpose of the aforesaid definition being to achieve the aims of maintaining the higher standards of lot and bulk requirements.
Neither lot satisfied the minimum area and frontage requirements of the zoning ordinance and thus Suckley applied to the board of adjustment for a variance to construct a dwelling on vacant lot 10 (lot 9 being improved with the Suckley residence). The application was denied and that decision was affirmed on appeal by the Superior Court.
Subsequently the Division of Tax Appeals denied Suckley’s application for a reduction of the assessment on lot 10, holding that, for assessment purposes, the two lots could be viewed as one parcel.
In the context of this tax matter plaintiffs have misunderstood and misapplied the zoning requirements and the decisions of the board of adjustment and Superior Court. A literal reading of the very section of the zoning ordinance on which it relies makes that conclusion clear. The purposes of the merger concept contained in § 2230 are set forth as follows:
.... [Njeither parcel shall be deemed to be in “single or separate ownership” but instead both tracts shall be considered as merged for purposes of enforcing minimum lot size or area, the purpose of the aforesaid definition being to achieve the aims of maintaining the higher standards of lot and bulk requirements. [Emphasis supplied]
The purposes enunciated in § 2230 simply follow the concepts underlying the decision in Ardolino v. Florham Park Bd. of Adj., 24 N.J. 94, 130 A.2d 847 (1957), where it was stated:
.... [T]he mere delineation of lots on a map filed after approval by a municipality carries with it no guaranty that each lot or parcel will be sufficient in itself to be built upon when the time comes to do so. And this is particularly so when lots do not conform to the zoning requirements in effect at the time of their delineation. On the contrary, the use of land is subordinate to a valid exercise by a municipality of its power to zone and control land use within its boundaries, including the power to make reasonable changes in such regulations consistent with public good.... [at 103, 130 A.2d 847; citations omitted]
*108 The doctrine of merger, in terms of planning and zoning, was clearly enunciated by our Supreme Court in Loechner v. Campoli, 49 N.J. 504, 231 A.2d 553 (1967), where it was held, notwithstanding existing lot lines, that five contiguous undersized lots in common ownership were considered, for planning and zoning purposes, as one parcel, and the conveyance of any undersized portion of the parcel, even along existing lot lines, would first require planning board and/or board of adjustment approval. The court, in recognition of the zoning problems created in matters concerning minimum lot size, whether or not the lot in question was delineated on a map, for future guidance set forth the procedure to be followed.
Section 2230 of the Tenafly ordinance simply incorporated the holdings of Ardolino and Loechner into borough’s zoning ordinance. It stands for the proposition, and clearly puts the public on notice, that lot lines do not in themselves entitle a party to a building permit or grant him the right to convey the lot where it does not meet the requirements of the zoning ordinance with regard to size. The aforementioned cases and § 2230 address the areas of zoning and planning and they better equip a municipality to implement and administer its rules and regulations in those areas. They do not, however, address the area of tax assessment. Certainly they do not stand for the proposition contended by plaintiffs.
Following the requirements of Loechner, Suckley was compelled to seek a variance from the zoning requirements in order to construct a building on lot 10. After a hearing the board of adjustment found that the positive and negative criteria (N.J.S.A. 40:55-39(c)) were not satisfied. For the same reasons the Superior Court affirmed. For purposes of administering the requirements of the zoning ordinance the lots were considered as merged, but neither the action of the board nor of the court can be construed as a mandate that, for assessment purposes, the dividing line between the two lots should be eliminated.
. The decision of the Division of Tax Appeals does not support plaintiffs’ argument. In dismissing Suckley’s appeal the Divi *109 sion judge approved of the assessor’s method of valuation of lot 10, i.e., together with lot 9 as one parcel, with an appropriate apportionment to the lot 10 land. That method of valuation for assessing purposes is not unusual nor does it present any difficulties to the assessing authorities. It is quite common to value two or more lots which are utilized as one economic unit as one parcel, with an apportionment of the total between the individual tax lots.
Plaintiffs’ claim that the imminent revaluation presents it with an irreparable harmful situation is without support. In the final analysis it is for the assessor to accept or reject the recommendations of the revaluation firm representatives. Should the revaluation people value the two lots independently of each other and if, in the judgment of the assessor, such method is not warranted, it can be corrected. N.J.S.A. 54:4-23 requires the assessor (and no other party), on the basis of his (her) judgment, to determine the value of all property.
The fact that the tax assessment map already indicates lots 9 and 10 as one lot is of no moment. It can easily be revised.
Based on a clear reading of N.J.S.A. 54:4-46 and 47 I am satisfied that the county board acted within its authority. Prior to certifying the tax lists pursuant to N.J.S.A. 54:4-55, the board is directed to examine, revise and correct the tax list and to order an assessor to prepare a corrected list, and in general to do everything necessary to provide for taxation of property at its taxable value. I am further satisfied that the assessor erred in combining both lots into one lot in view of the clear meaning of N.J.S.A. 54:4-23 and 27, supra.
Lastly, plaintiffs’ argument that the 1973 Division of Tax Appeals decision is res judicata is without support. As earlier noted, in affirming the county board judgment the Division decision simply approved the method of valuation employed by the assessor. It is not authority for the proposition advanced here. See Hackensack Water Co. v. Tax Appeals Div., 2 N.J. 157, 162, 65 A.2d 828 (1949), regarding the extreme minimal application of res judicata in tax proceedings.
*110 For all of the foregoing reasons the Clerk of the Tax Court is directed to enter judgment in favor of defendants and dismissing the complaint.

The 1983 tax list, pursuant to N.J.S.A. 54:4 35, must be filed with the board no later than January 10, 1983. Because of the emergent nature of the application defendants were directed to show cause why the relief sought by plaintiff should not be granted.

Neither statute contains any restrictive language with respect to who may institute such actions. However, the board, relying on N.J.S.A. 54:3-21, which restricts appeals from the county board to taxpayer and taxing district, argued that assessor had no standing to bring this action. Plaintiffs motion to add borough as a plaintiff was consented to by defendants, thereby rendering board’s argument moot.