SMALL, J.T.C.
This case requires me to determine whether the 1990 tax assessment of a parking space separate from, and in addition to, the taxation of the taxpayer’s apartment in The Greenhouse Condominium (“the greenhouse”) by the Borough of Cliffside Park (the “borough”) was proper.
The 1990 assessment of parking unit 256 in the greenhouse by the Borough of Cliffside Park was affirmed by the Bergen County Board of Taxation. The value of the parking space is not in dispute.[1] The action in this court followed.
In 1975, Sidney Angrist (the “taxpayer”) purchased apartment 6-L, parking unit 256, and a .002243 undivided interest in the common elements of the greenhouse, a condominium located at 770 Anderson Avenue in Cliffside Park. Prior to the tax year 1990, Angrist received a single annual tax bill for his entire interest in the condominium. For the tax year 1990, *148 Angrist received two bills. The first assessed his apartment unit at $139,300. The second assessed the parking unit at $3,500. Angrist disputes only the propriety of the second bill arguing: a) that the parking space cannot be separately assessed, and in the alternative, b) that the value of the parking space was included in the assessed value of the apartment; to separately assess it would constitute unpermitted double taxation.
The borough argues that the apartment and the parking space are two separate parcels each subject to separate assessment and taxation. It further argues that prior combined tax assessment and billing does not preclude it from separately assessing and billing these parcels now.
The original conveyance to Angrist was by a single deed which transferred to him:
Apartment Unit No. 6-L and Parking Unit(s) No.(s) 256 situate in “The Greenhouse, a Condominium,” together with an aggregate .002243 undivided percentage interest in the General Common Elements of said Condominium appurtenant to the aforesaid Units, in accordance with and subject to the terms, limitations conditions, covenants, restrictions, easements, agreements and other provisions set forth in that certain Master Deed for “The Greenhouse, a Condominium____”
The offering plan for the greenhouse indicates that apartment 6-L has a .002125 interest in the common elements of the condominium and parking unit 256 has a .00118 interest in those same common elements. Thus, the two combined units have a total .002243 interest in the common elements of the condominium.
The text of the master deed appearing in the offering plan for the greenhouse requires all apartment units to have at least one appurtenant parking unit. Initially, those parking units were those conveyed by the sponsor to the first owner of each unit in a single deed. Subsequent sales and leases of parking units are permitted so long as at all times each apartment unit maintains at least one appurtenant parking unit.
The offering plan initially automatically included a parking unit in the offering price of each of the 340 condominium units in the greenhouse. There are more parking spaces than there *149 are apartment units. Thus, apartment unit owners may own more than one parking unit. Some parking units are owned by individuals or entities who are not owners of apartment units. The subsequent independent sale of parking units reveals that there was a market for such separate units.
The borough’s witnesses testified that (during the mid-1970’s when the greenhouse was built, and during the initial sale of condominium units) parking units and apartment units remained in common ownership in accordance with the initial deed. Thus, taxing the apartment and parking unit as a single parcel made administrative and economic good sense. During the 1980’s there were a significant number of sales of parking units independent of their appurtenant apartments. Apparently the assessor could no longer rely on his updating of the initial assessments of the apartment units to also fairly tax the parking units. Although the assessor had hoped to correct his records and separate the assessments of parking units from those of apartments for the 1984 revaluation, that objective was not achieved.[2] When the borough conducted a revaluation in 1989 for the 1990 tax year (values as of October 1, 1989) the assessor determined that apartment units and parking units in the greenhouse would no longer be coupled for tax assessment purposes. The initial separate assessment of Angrist’s apartment and parking unit resulted from this changed policy.
The Condominium Act, N.J.S.A. 46:8B-1 et seq., requires that all taxes against a condominium unit shall be assessed against the separate unit holders and not the condominium as a whole. N.J.S.A. 46:8B-19.
*150 In Tower West Apartment Ass'n v. West New York, 2 N.J.Tax 565 (Tax Ct.1981), aff’d 5 N.J.Tax 478 (App.Div.1982), Judge Crabtree found that the garage portion of a condominium complex was not part of the common elements proportionately assessable to each apartment unit owner. Despite the apartment unit owners’ right to park in the garage for a monthly fee they had neither an ownership interest in a specific parking unit nor an ownership in a proportionate share of the garage. The garage was owned by a separate non-profit entity and was accordingly taxable separately. Similarly, in Community Corp. v. Montague, 9 N.J.Tax 398 (Tax Ct.1987), aff’d 10 N.J.Tax 237 (App.Div.1988), and Wedgewood Knolls v. West Paterson, 11 N.J.Tax 514, 528 (Tax Ct.1991), this court has found that certain shared recreational facilities are not common elements owned pro rata by condominium unit owners but are facilities owned by and taxable to separate entities. The determination in those cases was a result of their unique facts.
My analysis of the facts in this case leads to a conclusion regarding the taxability of parking spaces, consistent with the determination of this court in Tower West, supra. I find that Angrist had an interest in parking unit 256 separate and independent from his interest in apartment 6-L. Although they were initially conveyed to him by the same deed; he was free to sell the parking unit so long as he maintained ownership in another parking unit. The initial deed required an apartment-unit owner to always own a parking unit; it did not require the apartment-unit owner to own the parking unit conveyed by the initial deed, or any specific parking unit. Two separate parcels were conveyed by the initial deed. Logically, the requirement that an apartment-unit owner always own at least one parking unit may have an effect on the value of both apartment units and parking units.[3] That deed restriction does not, however, *151 result in the creation of a single parcel.[4] The subsequent sale of parking units separate from apartment units verifies that conclusion.
Even though the initial 1990 tax bill for apartment 6-L had a notation that it included .002243 of the common elements, I am persuaded that it was a clerical error. The $3,500 assessment placed on the parking space would appear to be a reasonable amount when compared to the prices appearing on the deeds in evidence for parking units which sold separately. There is no evidence that the combined assessment of $142,800 ($139,300 for the apartment 6-L and $3,500 for parking unit 256) is excessive.
In Purex Corp. v. Paterson, 8 N.J.Tax 121 (Tax Ct. 1986), Judge Kahn held that when two separately assessed parcels constitute a single economic unit, the taxpayer, after challenging both assessments, could not maintain one action and withdraw the other. Even assuming that Angrist’s apartment and his parking space do constitute a single economic unit, nothing prevents them from being assessed and taxed separately. So long as the total of the two assessments of the two parcels does not exceed the value of the single economic unit, this court has no logical nor legal basis for canceling the assessment against the parking unit. Only if there were evidence that the value of the parking space was included in the assessed value of the apartment, and then additionally separately assessed, could this court grant relief. There is no evidence before me which would support that conclusion. Even assuming the taxpayer had proved double taxation the proper *152 adjustment would be to reduce the assessment on the apartment, not eliminate the assessment of the parking space. The assessment against the apartment was not appealed.
The challenged assessment is affirmed. The Clerk of the Tax Court will enter the appropriate order.

Although the municipality in its pleading contended that the assessment was too low, no evidence to support that assertion was presented.

It would appear that there was confusion and less than perfect compliance with deed-recording procedures. Deeds to parking spaces sold separately from apartment units were not always recorded. As a consequence, separate forms SR 1 A for the Director's chapter 123 studies were not generated. Local Property Branch, New Jersey Division of Taxation, Handbook for New Jersey Assessors, X-1 et seq., especially pages X-7 et seq. (1989 Revision). This lack of compliance by attorneys and others with the requirements of the law does not change the nature of Angrist’s interest in his parking space.

No evidence, as to what that effect might be, was introduced at trial.

I have found no legal requirement that what is conveyed by a single deed must be taxed as a single parcel. In Young v. Bergen County Board of Taxation, 5 N.J.Tax 102 (Tax Ct.1982), Judge Evers held that even though two parcels of land were consolidated for zoning purposes they were subject to separate assessment and taxation. It should be noted that the offering plan for the greenhouse stated:
[I]n the opinion of Greenbaum, Greenbaum, Rowe and Smith, Esqs., counsel to the sponsor, each apartment unit and parking unit constitutes a separate tax lot which the tax assessor is required to assess.