**NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



MALA SUNDAR
JUDGE

Richard J. Hughes Justice Complex
P.O. Box 975
Trenton, New Jersey 08625-0975
609 815-2922, Ext. 54630 Fax 609 376-3018

September 25, 2020

Mrs. & Mr. Williams
Plaintiffs, Self-Represented
Middletown, New Jersey 07748

Kevin Asadi, Esq.
Zager Fuchs, P.C.
Attorney for Defendant

Re:    Williams et al. v. Township of Middletown
       Block 605, Lots 31, 32 (145 Magnolia Lane)
       Docket No. 004650- 2020

Dear Mrs. & Mr. Williams and Counsel:

This letter constitutes the court's decision in the above captioned matter. Plaintiffs filed a complaint to this court appealing the judgment of the Monmouth County Board of Taxation ("County Board") which affirmed the $585,300 local property tax assessment for tax year 2020 imposed on the above referenced property located in defendant ("Township"). Plaintiffs maintain that the assessment was as to two Lots, 31 and 32, however, they had sold Lot 31 in July of 2019, therefore, such combined assessment is impermissible. This is especially, they argue, when the property record card ("PRC") for Lot 32 does not reference or show any allocated assessment for Lot 31, and Lot 31 does not exist on the tax map. Therefore, they maintain, the assessment must be only as to Lot 32 which they own (and is improved with their residence), and the Township's assessor must issue a separate assessment for Lot 31, and issue tax bills to the new owners.









In a prior litigation involving the same parties, but for tax year 2018 (Tax Court Docket Number 007692-2018), the same issue was presented however, with a slightly different factual posture, i.e., without the sale of Lot 31.  The factual and procedural history is noted in the court's letter opinion dated December 26, 2018.

Briefly, plaintiffs purchased Lot 32, which is improved by their residence, in 2004.  It measures about 83' x 254' (or 85' x 265' per plaintiffs).  They subsequently purchased the adjacent vacant lot, Lot 31, in December of 2012 (recorded with the County Clerk on January 10, 2013).  Lot 31 measures 41' x 254' (or about 41' x 262' per plaintiffs) and is non-conforming under the Township's zoning regulations.[1]

Up until 2017, Lot 31 and 32 were separately assessed for local property tax purposes.  However, for tax year 2018, the assessor deemed both lots as one under the "merger" doctrine, therefore, issued one assessment for both lots after due notice to plaintiffs.  Plaintiffs appealed the 2018 assessment on the "merged" lots claiming that the merger doctrine did not apply.  This court's letter opinion set forth the merger doctrine and noted that under this precedential law which applied to purely zoning issues, Lot 31 did appear to be merged into Lot 32.  However, the court stated that it could not decide plaintiffs' challenge that the doctrine did not apply since it had no subject matter jurisdiction to decide zoning issues.  The court however noted that while the assessor could not merge lots for local property tax assessment purposes under the merger doctrine, the assessor could, under prevailing law, impose one assessment on two contiguous lots in common ownership (citing Young v. Bergen County Bd. of Taxation, 5 N.J. Tax 102,

---

[1] The PRC provided by plaintiffs show the dimensions as 84' x 248' (Lot 32) and 41' x 245' (Lot 31) and as combined at 124' x 254'.

2

108-09 (Tax 1982)). Since the assessor had in effect, done this for Lots 32 and 31, the court directed the assessment be appropriately apportioned to the two lots.

Subsequently, by deed dated July 15, 2019, plaintiffs sold Lot 31 to their children Aramith L. Trimiar, Brian Williams and Brandon Williams (as tenants-in-common) for a consideration of One Dollar. The sale deed, which was recorded with the Monmouth County Clerk on July 18, 2019, showed the buyers' street address the same as that of plaintiffs' (145 Magnolia Lane, Middletown, New Jersey). Plaintiffs produced the Notice of Assessment sent by the assessor for tax year 2020 which showed an assessment of $585,300 for Block 605, Lot 32, but addressed to "Trimiar, Aramith L, etals" at the same street address of 145 Magnolia Lane, Middletown, New Jersey as proof that (1) the assessor was cognizant of the sale of Lot 31; and (2) he erroneously referenced Lot 32 on the Notice: it should have been Lot 31.

Plaintiff, Mr. Williams, stated that he then approached the Township's assessor, who allegedly told him that he (assessor) was confused by this court's decision for tax year 2018; that Lots 31 and 32 are still deemed merged; and that the sale of Lot 31 would not change the combined assessment being imposed on both lots unless there was a formal subdivision. Thereafter, plaintiffs applied for such subdivision. By letter dated July 20, 2020, the Township's Planning Board notified plaintiffs that the fee for the same would total $7,300, and listed the required paperwork needed for the review process. Plaintiffs contend to this court that requiring them to go through a subdivision and paying such an exorbitant amount is patently unfair since the merger of the lots was not their choice as evidenced by the fact that they purchased Lot 31as a separate lot by a separate buy-sell transaction, and by paying a separate consideration (i.e., it was not combined with the mortgage on Lot 32). Rather, they argue, the Township unilaterally decided that the lots were merged, and now plaintiffs had to undo this decision by undergoing

3

considerable personal expense. Therefore, the assessor must be made to recognize the sale of Lot 31, impose a separate assessment on it, and send tax bills to the new owners.

The Township disagrees that it foisted the merger of the lots since merger occurs by sheer operation of the law. It also contends that the assessor followed this court's 2018 letter opinion by imposing a combined assessment on the lots, and pursuant to law, this is a valid action. It also points out that the subdivision requirement is one of law, not one imposed by the Township or its assessor.

Plaintiffs are somewhat correct that there was really no notice from the Township that their purchase of Lot 31 in 2012 triggered the merger doctrine. See e.g. Jock v. Zoning Bd. of Adjustment, 184 N.J. 562, 579 (2005) (citation omitted) ("the issue of merger will never arise unless the property is specifically brought to the attention of the relevant land use board"). Nonetheless, this law has existed for several years, and much before plaintiffs' purchase of Lot 31. The Township also correctly points out that once a lot is merged by law, it cannot be subdivided and sold without a formal subdivision approval. See generally Loechner v. Campoli, 49 N.J. 504, 508 (1967) ("contemplated conveyance of" merged lots "constitutes a prospective subdivision and requires the advance approval of the Planning Board" unless proven that the lots were never merged under the merger doctrine); Jock, 184 N.J. at 578 (a merged lot "requires subdivision approval for the development of individual substandard parcels if contiguous parcels have been, at any relevant time, in the same ownership and, at the time of such ownership, the parcel was not substandard") (citation omitted); Dalton v. Ocean Twp. Zoning Bd. of Adjustment, 245 N.J. Super. 453, 460-461 (App. Div. 1991) ("Conveyance of a portion that would result in one or more undersized lots under current zoning standards is a subdivision and ordinarily requires the grant of a variance").

As the above precedent evidences, and as plaintiffs also concede, this court does not have the authority to decide zoning issues. Accordingly, whether plaintiffs need to go through the subdivision process (example: by proving that the merger doctrine does not apply) despite the sale of Lot 31 to their children, is something that is, and should be, presented before another appropriate arbiter, whether an administrative or quasi-judicial agency or the Superior Court, which has jurisdiction over zoning issues. If it is proven there that the merger doctrine does not apply (and the several instances of when the doctrine does not apply are set forth in Jock, 184 N.J. at 582-83), and therefore a subdivision is not required, then plaintiffs may obtain separate local property tax assessments for Lot 32 and Lot 31. Up until then, and for the same reasons as noted in the court's prior letter opinion, the assessor's imposition of a combined assessment on Lots 31 and 32 is not improper nor invalid as a matter of law. And unless it is shown that there is a duplicate assessment for Lot 31, one encompassed in the assessment of Lot 32, and a separate additional one for Lot 31, this court has no reasonable basis to void the combined assessment for tax year 2020.[2] Here, there was no such showing.

For the above reasons, and as plaintiffs did not challenge the valuation aspect, an Order affirming the County Board judgment will be entered.

Very Truly Yours,

Mala Sundar, J.T.C.

---

[2] The PRC identifies Lot 31 as an "additional lot," and allocates a land value to it of $21,525, which together with the land value for Lot 32, plus 10% appreciation, totals $197,700. And since the PRC shows a value allocation to Lot 31, plaintiffs' request seeking this relief is moot.