226 N.J. Super. 300 (1988)
544 A.2d 389
TOWER MANAGEMENT CORPORATION, PLAINTIFF-APPELLANT,
v.
ROGELIO PODESTA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 31, 1988.
Decided June 22, 1988.
*301 Before Judges DREIER and ASHBEY.
Jose Fuentes argued the cause for appellant (Jose Fuentes, on the brief).
Mary C. Garcia argued the cause for respondent (Mary C. Garcia, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiff appeals from the dismissal of its summary dispossess complaint based upon defendant's habitual late payment of *302 rent. Defendant is a 15-year resident in an apartment complex purchased by plaintiff approximately a year before the proceedings in the trial court. Under the terms of a lease with the previous owner of the apartment, defendant was required to pay his rent on the first of the month. The lease further provided for a $25 late fee if payment was made after the fifth of the month. Upon expiration of the lease, defendant became a month-to-month tenant. N.J.S.A. 46:8-10. Plaintiff's practice apparently was to grant a five-day grace period to its month-to-month tenants. Defendant had accumulated a substantial rent deficiency as of June 1987. He then brought his rental account up to date at or about the time he was served with a Notice to Cease which stated in part:
Your rent for the month of June 1987 has not yet been received. If you continue paying late, we will institute an action to gain legal possession of your apartment.
The notice gave a proper reference to N.J.S.A. 2A:18-61.1 and otherwise was sufficient to identify the apartment and circumstances.
Defendant went to Florida on vacation from July 16, 1987 to August 28, 1987. He had paid his July rent by check dated July 10th received by the landlord July 12th. He mailed the August rent check to his sisters at the New Jersey apartment who in turn forwarded the check to the landlord. It was received by plaintiff August 9, 1987. On August 10, 1987 the landlord forwarded a Notice to Quit, noting the late payment of the July and August rent. The notice was sent by certified mail, return receipt requested, and the post office duly delivered notices to the premises stating that the letter should be picked up. When defendant returned from his vacation, he responded to the notice, but was told by an employee of the post office that the envelope had already been returned to the sender. Plaintiff also contended that it mailed the notice by regular mail at the time the certified mail letter was sent. Defendant denied receiving the regular mail. We note that no certification was *303 submitted to the court that the regular mail letter had been posted with proper address and sufficient postage.[1] Thereafter, defendant paid his September rent on time, and this rent was accepted. The October rent, however, was refused by the landlord.
Judgment was initially entered in favor of plaintiff, with the understanding that defendant could apply to reopen the judgment when he obtained an attorney. He did so, and on rehearing defendant testified that he never received the regular mail letter. The judge then determined that
the presumption of receipt of the notice has been rebutted, and I therefore set the judgment aside and allow the matter to continue for trial.
Rather than proceed, however, to a trial at which plaintiff still could have proven the mailing of the notice in compliance with N.J.S.A. 2A:18-61.2, plaintiff's attorney, apparently misunderstanding the ruling, stated:
Since your Honor has found as a matter of fact and a matter of law that such notice was never received, I believe your Honor can enter a judgment in favor of the Defendant, allowing the record to be then complete and final for appellate review.
The judge responded that judgment would be entered in favor of defendant.[2] We note that plaintiff took this appeal rather than serve defendant with a second notice and proceed anew in the trial court. Also, since the parties have not informed us of any new actions having been filed for habitual nonpayment of rent, we assume that defendant has made timely payments over the last year.
*304 Under N.J.S.A. 2A:18-61.2, the Notice to Quit must either be given personally to the tenant or a family member in possession of the apartment or, as an alternative, the notice may be sent by certified mail, but "if the certified letter is not claimed, notice shall be sent by regular mail." The wording in the statute implies that the regular mail service should not be made until after the certified mail is unclaimed. We take judicial notice, however, of the common practice of sending the certified and regular mail notices at the same time, so that if the certified mail notice is unclaimed, there need not be the long delay which often occurs before the sender is apprised of this fact. We find no fault with this practice.
The issue of whether defendant had been served in accordance with the statute was never reached on its merits before the trial judge, since the only decision was that the presumption of receipt had been rebutted.[3] Were we not to determine this case on a different issue, the trial judge's finding that the notice had been timely mailed could have justified a decision for plaintiff, if he had evidence before him of the proper postage and address on the envelope. It would not, however, serve the ends of justice for us now to remand this matter for a redetermination on the issue of whether the regular mail notice had *305 been posted a year ago with proper postage and the correct address.
The issue which should have been before the court on its merits was whether defendant habitually had failed to make timely payment of his rent. We recognize that in 534 Hawthorne Ave. Corp. v. Barnes, 204 N.J. Super. 144 (App.Div. 1985), this court determined that "habitual late payment of rent ... requires more than one late payment following a written notice to cease." (at 148). We did not there determine whether two late payments ipso facto constitutes a default, regardless of circumstances, but merely that the single late payment in that case was insufficient to constitute an "habitual" practice. We, therefore, will review the circumstances of the case before us to determine whether the facts of this case permit a determination that defendant "habitually and without legal justification failed to pay rent" within the meaning of N.J.S.A. 2A:18-61.1j.
As noted earlier, defendant had been a 15-year resident of an apartment in a 300-unit apartment complex purchased by plaintiff a short time prior to the events in question. The complex was converting to co-operative or condominium ownership, and defendant therefore stood to lose not only his continued possession of his long-time residence, but also the substantial protection of the conversion statutes or his ability to exercise the conversion privilege and the concomitant right to receive a substantial profit on the resale of his apartment. While the original lease had provided a five-day grace period before a late charge would be required, the tenancy had long since lapsed to a month-to-month tenancy. The Notice to Cease stated that if defendant continued "paying late" he could be dispossessed, but the notice was dated June 15, 1987, with no reference to a five-day period. We also note defendant's obvious difficulty with the English language. Although this was not a determinative factor, it adds additional weight to the argument that the *306 tenant may not have understood the full import of the June Notice to Cease, especially in view of the landlord's practice of accepting late payments, with the $25 late payment charge.
The payments for July and August were late, but the explanation, at least for the August payment, was that the payment had been sent by defendant who was in Florida to his sisters in Union City, and then forwarded to plaintiff, still arriving but four days after the five-day grace period. The delay was therefore clearly attributable to the vacation which, although not an excuse, was at least an explanation. The September payment was timely made by defendant and accepted by plaintiff,[4] and defendant further made a timely tender of the October payment.
Considering the substantial rights which would have been forfeited and the history of payments since the June notice (one late, one four days late, but with an explanation, and two on time), would it be equitable to determine that defendant had evinced an "habitual" failure to pay his rent under these circumstances? We think not. We, therefore, exercise our original jurisdiction under R. 2:10-5 and determine that there is no reason to remand this matter for a new factual determination by the trial judge. He reached a fair result, albeit on different grounds; we therefore have no occasion to disturb his ruling.
Affirmed.
NOTES
[1] The testimony at the hearing was only that plaintiff had instructed its attorney to serve defendant with a Notice to Quit. There then was a representation by the attorney that the notice had been sent by his office "certified mail, return receipt requested and regular mail.... The regular mail was never returned." The certified mail letter was entered into evidence.
[2] The record incorrectly notes that judgment would be granted in favor of "plaintiff" rather than defendant, but the intent is obvious; and plaintiff, not defendant, has appealed.
[3] The relevant issue was whether the notice had been mailed, not whether it had been received. The presumption is called into play only if receipt of notice is the issue, or if no statute or agreement governs the notice requirement. As stated by Judge Goldmann in Johnson & Dealaman, Inc. v. William F. Hegarty, Inc., 93 N.J. Super. 14, 20 (App.Div. 1966):

By force of statute or agreement, a required notice may effectively be given if properly mailed, regardless of its receipt. Absent such a statute or contract provision respecting the method of giving notice, the general rule is that there is a presumption that mail correctly addressed, stamped and mailed, was received by the party to whom it was addressed. That presumption is rebuttable and may be overcome by evidence that the notice was never in fact received. Szczesny v. Vasquez 71 N.J. Super. 347, 354 (App.Div. 1962). [Emphasis supplied].
See also Amodio v. Civil Service Comm., 81 N.J. Super. 22, 27-28 (App.Div. 1963).
[4] Plaintiff's acceptance of defendant's September rent may also have effected a waiver of all past breaches. Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116, 129 (1967); but see Jasontown Apartments v. Lynch, 155 N.J. Super. 254, 261 (App.Div. 1978).