898 A.2d 1036 (2006)
386 N.J. Super. 31
279 4TH AVENUE MANAGEMENT, L.L.C., Plaintiff-Respondent,
v.
Doretha MOLLETT, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 2, 2006.
Decided May 31, 2006.
*1037 Jose L. Ortiz argued the cause for appellant (Essex-Newark Legal Services, attorneys; Mr. Ortiz, on the brief).
Erica D. Vitanza argued the cause for respondent (Thaniel J. Beinert & Associates, attorneys; Sofia Balile, on the brief).
Before Judges COBURN[1], COLLESTER and S.L. REISNER.
The opinion of the court was delivered by
S.L. REISNER, J.A.D.
Defendant, Doretha Mollett, appeals from a judgment for possession granted to her landlord, 279 4th Avenue Management, L.L.C., premised on her habitual late payment of rent. N.J.S.A. 2A:18-61.1(j). We reverse and remand for further proceedings.

I
These are the most pertinent facts. Since 1976, defendant has been a month-to-month tenant in a rent-controlled apartment at 279 4th Avenue in East Orange. Her current monthly rent is $267.38. Defendant suffers from multiple sclerosis and asthma, and has an eight year old son who is developmentally disabled. Her income consists of child support of $160 per month, plus some financial support from her family.
According to defendant's testimony, since 1976 her rent had always been due on the eighteenth of the month, since that was the day on which she originally moved into the apartment. When a new owner took over the building in 2002 and asserted that defendant was paying her rent late, she sent him a letter dated June 10, 2002, clarifying that her rent was due on the eighteenth of the month, not on the first of the month. She testified without contradiction that this landlord accepted her contention and permitted her to continue to pay her rent on the eighteenth of the month.
Plaintiff, 279 4th Avenue Management, L.L.C., bought the building on March 6, 2004. Plaintiff sent all tenants a notice advising that its "policy" was that the rent *1038 was due on the first of each month. However, on April 22, 2004, defendant sent a letter to the building manager, T.J. Beinert, enclosing the rent for April 2004 and asserting that "[m]y rent is due on the 18th, which is when I took occupancy of the unit." Her letter also included a two-page single spaced list of complaints about the condition of her apartment and of the building. Her complaints included allegations that her toilet leaked, the bathtub was clogged, the radiator worked only sporadically, and the ceiling needed repair. Plaintiff presented no testimony or other legally competent evidence that Beinert did not receive the letter.
Although the trial judge would not permit defendant to pursue a Marini[2] defense, she was permitted to present some testimony concerning problems with her apartment, in the context of her claim that the landlord was trying to evict her in retaliation for those complaints. She testified that in August and September 2004, she sent plaintiff letters complaining about an infestation of vermin in her apartment and stating that she would be withholding rent because of this condition. She also testified that "around the end of December" there was "absolutely no heat" in her apartment for "several consecutive days" and that she complained about this problem to the landlord and to the City of East Orange. She testified that the landlord fixed the radiator in early January 2005. The landlord's agent confirmed that there was no heat, when he testified that he "did send the super to [defendant's] apartment during the heating season when we were having a problem with her particular apartment and he repaired the heat that was a problem."
Defendant paid her August rent on August 22, 2004, by money order dated August 20. She paid the September rent on September 22. On September 27, 2004, the landlord sent defendant a notice to cease, which demanded that she pay her rent by the first of the month and that she cease making late payments. Defendant paid her October rent on October 12, 2004, and the landlord sent her a second notice to cease on October 21, 2004. Defendant paid her November rent on December 7, 2004, by check dated December 3. She contended that she paid the rent late because of problems with lack of heat and a malfunctioning toilet. She claimed she gave the building manager notice of these problems and told him she was withholding her rent.
On December 7, plaintiff sent defendant a notice to quit, indicating that her tenancy would be terminated on January 31, 2005 due to habitual late payment of rent. Defendant paid the December rent on January 3, 2005. Plaintiff filed its complaint on January 31, 2005. A trial, at which defendant appeared pro se, was held on March 2, 2005, resulting in judgment for plaintiff. After Legal Services filed a motion for reconsideration, the court held further testimonial hearings on April 13, 2005, and May 9, 2005, before denying the motion. On May 13, 2005, the trial court granted a stay of eviction pending the outcome of this appeal.

II
Ordinarily we will defer to the factual findings of a trial court unless they are not supported by sufficient credible evidence in the record. State v. Locurto, 157 N.J. 463, 470-71, 724 A.2d 234 (1999). Our review of the trial court's legal conclusions is de novo. Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 483-84, 323 A.2d 495 (1974).
*1039 In this case, apparently because of a misperception that a month-to-month tenant could not legitimately enforce a rent-due date other than the first of the month, the trial court did not make clear and definite findings concerning defendant's contention that her rent was historically due on the eighteenth of the month. And the court did not address the fact that, while defendant had no written lease, she had produced documentary evidence to support her contention.[3] The trial court also erred in precluding defendant from pursuing her Marini defense.
As the Supreme Court has recognized, the day of the month on which rent is due can have great significance to a tenant with a limited income who receives a support check on a certain day each month. See 447 Assocs. v. Miranda, 115 N.J. 522, 535, 559 A.2d 1362 (1989). Further, where rent has historically been accepted in the middle of the month, a new landlord's unilateral demand for rent on the first of the month may require the tenant to pay, for the first month after the change, two months rent within a two-week period. Absent some accommodation in the timing or amount of that first month's rent, this may be an impossible hurdle for a low income tenant.
In this case, the landlord sent a letter stating its policy that rent be paid on the first of the month. Defendant promptly went on record with a letter asserting her position that she had always paid her rent on the eighteenth of the month.[4] Where there is a disagreement between a new landlord and a long-time tenant over when rent is due, as there was here, the landlord should make some attempt to resolve the dispute before charging the tenant with habitual late payment of rent.
We disagree with the trial judge's conclusion that the landlord could demand that rent be paid on the first of the month because this is the typical landlord-tenant arrangement. If the agreement between defendant and the predecessor landlords was that rent was due on the eighteenth, the new landlord could not simply change this term by sending out a letter to that effect; the landlord was required to serve the tenant with a notice to quit and an offer of a new tenancy, with the rent for the new tenancy being due on the first of the month. See 447 Assocs. v. Miranda, supra, 115 N.J. at 525-26, 559 A.2d 1362.[5] That action, in turn, would permit the tenant to put in issue the reasonableness of the change. Id. at 529-30, 559 A.2d 1362.
We also disagree with the trial court's conclusion that tenants cannot invoke *1040 Marini as a defense to late payment of rent. As the Supreme Court held in Berzito v. Gambino, 63 N.J. 460, 308 A.2d 17 (1973):
[T]he covenant on the part of a tenant to pay rent, and the covenantwhether express or impliedon the part of a landlord to maintain the demised premises in a habitable condition are for all purposes mutually dependent. Accordingly in an action by a landlord for unpaid rent a tenant may plead, by way of defense and set off, a breach by the landlord of his continuing obligation to maintain an adequate standard of habitability.
[Id. at 469, 308 A.2d 17.]
A tenant may be evicted for habitual late payment of rent "without legal justification." N.J.S.A. 2A:18-61.1(j). If a tenant has reasonable grounds to withhold rent at the time the rent is due (e.g., no heat), the fact that the tenant eventually pays the rent once the landlord fixes the problem does not deprive the tenant of the Marini defense to a charge of late payment. If there are repeated habitability problems, leading to repeated withholding of rent until the problems are fixed, a tenant may present evidence that each occasion of late payment was justified.
The trial judge should have permitted defendant to present her Marini defense, focusing on the timing of the alleged habitability problems, i.e., when the problems started and when they were resolved in relation to when she withheld and then paid her rent.
There is also no dispute in this case that the tenant has repeatedly tendered the rent to the landlord, who has refused to accept it. She offered to pay the February 2005 rent, and the landlord refused. At the hearing on April 13, 2005, the tenant offered on the record to pay all of the rent due from February through April. The landlord refused on the record, and then at the next hearing on May 9, 2005, complained that defendant had been living in the apartment without paying rent. Likewise, at oral argument, counsel for plaintiff told us that defendant had paid no rent during the pending appeal. But defendant's counsel advised us, as he had also noted in his brief, that defendant had paid all of the outstanding rent into escrow, that he had offered it to plaintiff, and that plaintiff had refused to accept it. The landlord could have accepted the payments, without prejudice, without waiving its claim for possession. See Ivy Hill Park v. Abutidze, 371 N.J.Super. 103, 115, 852 A.2d 217 (App.Div.2004); The Meadows Found., Inc. v. Williamson, 368 N.J.Super. 416, 424, 846 A.2d 653 (App. Div.2004).
Finally, although we have not recognized a "general equitable defense" to an eviction action for habitual late payment, Ivy Hill Park, supra, 371 N.J.Super. at 118, 852 A.2d 217, we have recognized the role of equitable considerations in dispossess cases. See, e.g., Marini, supra, 56 N.J. at 139, 265 A.2d 526; Tower Mgmt. Corp. v. Podesta, 226 N.J.Super. 300, 306, 544 A.2d 389 (App.Div.1988); Royal Assocs. v. Concannon, 200 N.J.Super. 84, 92, 490 A.2d 357 (App.Div.1985). We conclude that in the circumstances of this case, the trial judge had some latitude to craft a remedy short of eviction. Defendant is a low-income tenant with serious health problems and a young son with multiple handicaps. She has lived in this building for thirty years and would undoubtedly have a very difficult time finding alternate housing. The crux of the case was a dispute with the landlord over the day of the month on which her rent was due. She was willing to pay her rent. Under those circumstances, we conclude it was open to the trial judge to resolve the *1041 case by issuing a declaratory ruling as to the day of the month on which the rent was due and ordering defendant to henceforth pay the rent by that day of the month or within such grace period as the landlord affords all other tenants.
Accordingly, we vacate the judgment of possession and remand to the trial court for the limited purpose of determining the day of the month on which defendant's rent was historically due at the time plaintiff took over the building. In the court's discretion, additional testimony may be taken on this limited issue. Should the court determine that defendant's rent was historically due on the first of the month, an order should be entered declaring that to be the due date and directing her to submit the rent in a timely manner. Should the court determine that, up until the time plaintiff bought the building, defendant's rent had historically been due on the eighteenth, a similar order should be entered declaring that to be the deadline; and the current landlord must abide by that rent due date unless it follows the proper procedures for changing an essential term of the tenancy. In light of our resolution of the case, the court need not take testimony on the Marini issue.
The rent currently being held in escrow shall be immediately released to the landlord who may accept it without prejudice in the event of a further appeal in this case. The proceedings on remand shall be completed within forty-five days of the date of this opinion.[6]
Reversed and remanded.
NOTES
[1] Judge Coburn did not participate in oral argument. However, with the consent of the parties, he has joined in this opinion, R. 2:13-2(b).
[2] Marini v. Ireland, 56 N.J. 130, 265 A.2d 526 (1970).
[3] It is also unclear whether the trial judge properly allocated the burden of proof. "[B]ecause the grounds for eviction are statutory... the plaintiff-landlord must prove all elements of the statutory ground alleged." MAHLON L. FAST, J.S.C., Ret., Landlord-Tenant and Related Issues in the Superior Court of New Jersey 191 (ICLE) (2004); see Fromet Props., Inc. v. Buel, 294 N.J.Super. 601, 610, 684 A.2d 83 (App.Div.1996); Hill Manor Apartments v. Brome, 164 N.J.Super. 295, 309, 395 A.2d 1307 (Cty.Dist.Ct.1978). In an action for habitual late payment of rent "which is due and owing," N.J.S.A. 2A:18-61.1(j), the landlord must prove when the rent was due.
[4] Her letter to plaintiff and her letter to the previous landlord were both admissible as prior consistent statements, N.J.R.E. 607, in view of plaintiff's contention that defendant recently fabricated this defense.
[5] According to the manager Beinert, "[w]e sent a lease to [defendant] and I believe she didn't sign it and send it back." The lease was not placed in evidence and there is nothing in the record concerning its proposed terms.
[6] In view of our disposition of the case, we do not address defendant's contentions concerning the Landlord Registration Act and retaliatory eviction.