**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0342-23

76 BERLIN ROAD, LLC,

     Plaintiff-Respondent,

v.

COLLEEN GORMLEY,

     Defendant-Appellant.

_____

Submitted September 23, 2024 – Decided November 14, 2024

Before Judges Sabatino and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. LT-004155-23.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the brief).

McNichol, Byrne & Matlawski, PC, attorneys for respondent (Michael J. Hawley, on the brief).

PER CURIAM

Defendant Colleen Gormley appeals a judgment of possession entered following trial in the Special Civil Part on September 14, 2023. Because the

trial court based its decision on a misinterpretation of pertinent provisions of the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to -61.12 ("the Act"), we reverse.

I.

Defendant has lived as a tenant on the second floor of a residential home in Cherry Hill since 2012. In August 2021, plaintiff, 76 Berlin Road, LLC, purchased the subject residence. After taking ownership, plaintiff tendered to defendant a one-year lease agreement with a term running from August 1, 2021 to July 31, 2022. Pursuant to the terms of the lease, signed by both parties, defendant's tenancy would convert to a month-to-month term upon expiration of the first year on August 1, 2022. Thereafter, either party had "the option to cancel the tenancy with at least thirty (30) days['] notice or the minimum time-period set by the State, whichever is shorter."

On May 18, 2023, plaintiff's attorney sent defendant a letter terminating the leasehold effective July 31, 2023, demanding that she vacate by that date. Defendant remained on the premises after the July 31 expiration date and plaintiff filed suit for eviction. The grounds for eviction read in their entirety: "Notice to [v]acate no later than 1 [sic] July 2023 for expired month-to-month lease given on 5/22/2023[.] [D]efendant refuses to vacate."

On the trial date, defendant moved to dismiss the complaint, arguing that

A-0342-23

plaintiff failed to plead good cause as provided by the Act and that plaintiff's reliance on related provisions, N.J.S.A. 2A:18-53 and N.J.S.A. 2A:18-56, was misplaced, in that those provisions are applicable only to residential and commercial premises not subject to the Act. As such, there would not be a basis to evict or to find defendant in holdover status for remaining on the premises after thirty days' notice.

The trial court denied defendant's motion to dismiss, reasoning that entry of a judgment of possession was proper. Reading what it perceived to be controlling language in the lease, the court stated:

> Conditions of the agreement, having the option to continue to occupy the premises under the terms and conditions of this agreement under a month-to-month agreement, tenancy-at-will, with either the landlord or tenant having the option to cancel the tenancy with at least 30 days' notice or the minimum time period set by the State, [whichever is shorter.] [F]or the tenant to continue under month-to-month tenancy [a]t the expiration of the lease term, [the] landlord [must] be notified within 60 days before the end of the lease term.
>
> So I think the parties agree to how this lease agreement would be terminated. It's right in there. The parties agreed to it. Okay? So [the motion is] denied.

Defense counsel challenged the court's ruling:

A-0342-23

So I just wanted to kind of reiterate that this does fall under the Anti-Eviction Act in general and we haven't really reached that part, that N.J.S.A. 2A:18-53 actually does not apply to this tenancy. This is not an owner-occupied property. This is not a commercial tenancy. This is a person living within this apartment complex who falls under the Anti-Eviction Act. And under the Anti-Eviction Act, there's a whole host of reasons that you can evict for. There's actually 20 of them. If you look at the landlord case information statement, they have a menu to choose from. The option that they chose here is not admissible into evidence. It doesn't matter. . . . . This tenancy itself, regardless of what's in the lease, falls under the Anti-Eviction Act.

[(Emphasis added).]

The court reiterated its position:

It's contractually agreed to by the parties as to how this lease term would end when it was month to month. Okay? That's that. The parties agreed to it. The parties are going to agree to something, but then you're going to come and say, ["W]ell, this is unenforceable, I didn't know what I was agreeing to?["] Well, maybe if it was all convoluted and a bunch of legalese in there but, no, it basically says you're month[-]to[-]month and it can be terminated by either party within 30 days. It can't be any clearer than that and that['s] the contractual agreement between the parties. That's what you agreed to. You know what I mean? If you didn't want to agree to it, you wouldn't sign it.

Upon confirming that the landlord's registration statement was on file, the court entered a judgment of possession, having found one month's notice properly served by landlord's counsel. N.J.S.A. 2A:18-56(b).

4

We note that plaintiff also adduced proofs of an email purportedly sent by plaintiff's counsel on January 26, 2023, representing that plaintiff intended to demolish the subject residence. Defendant denied receiving the email in question, and plaintiff did not move to amend its complaint or request entry of judgment under this facially recognized basis for eviction under the Act. See N.J.S.A. 2A:18-61.1(h).

After the trial court announced its ruling, defendant requested a stay of the proceedings. The trial court denied the request and issued a warrant of removal at the landlord's request on September 19, 2023. Defendant filed an emergent motion seeking to stay execution of the warrant of removal pending appeal. In assessing the factors propounded by Crowe v. De Gioia, 90 N.J. 126, 132-33 (1982) and progeny, we granted defendant's application, noting that plaintiff "did not seek to show good cause under the Anti-Eviction Act." We observed in our order granting a stay pending appeal that:

> the record does include a notice purportedly sent to defendant by the landlord in which the landlord stated that it was terminating the lease because it planned to demolish the entire building. If landlord is planning to demoli[sh] the entire rental property with the plan to take it out residential use, and can prove that claim in a proper proceeding, that might constitute good cause under the Act. See N.J.S.A. 2A:18-61.1(h). Nevertheless, the landlord did not proceed with that theory in the underlying eviction action. The stay that

5

we are entering applies to the warrant of removal issued in this matter on September 19, 2023. That stay and the pendency of this appeal is without prejudice to the landlord's right to institute a separate action to evict the tenant under the Act, if the landlord believes it has good cause under the Act and can prove good cause in a proper action.

Notwithstanding our initial finding and concomitant observation of a likely deficiency in the judgment entered and alternative facially valid cause of action, we declined to make a final determination until "after full consideration of defendant's appeal on the merits." The appeal since having been briefed, we revisit the merits.

## II.

Defendant advances a single argument:

THE LOWER COURT ERRED IN GRANTING JUDGMENT FOR POSSESSION AND EVICTING THE TENANT, APPELLANT GORMLEY, BECAUSE THE LANDLORD FAILED TO PLEAD AND PROVE GOOD CAUSE FOR THE RESIDENTIAL EVICTION AS REQUIRED BY NEW JERSEY'S ANTI-EVICTION ACT.

We review a trial court's legal determinations de novo. See 279 4th Ave. Mgmt., LLC v. Mollett, 386 N.J. Super. 31, 36 (App. Div. 2006) (citing Rova Farms Resort, Inc. v. Investors Insurance Co. of America, 65 N.J. 474, 483-84 (1974)) (reviewing a grant of judgment of possession de novo). A trial court's

6

interpretation of a statute and its application of the law to facts are not entitled to any special deference. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (finding that an appellate court does not need to accept a trial court's legal conclusions that are inconsistent with well-established law). "[W]hen the language of a statute is clear on its face, 'the sole function of the courts is to enforce it according to its terms.'" Hubbard v. Reed, 168 N.J. 387, 392 (2001) (quoting Sheeran v. Nationwide Mut. Ins. Co., 80 N.J. 548, 556 (1979)).

"[T]he dictates of public policy may require invalidation of private contractual arrangements where those arrangements directly contravene express legislative policy or are inconsistent with the public interest or detrimental to the common good." Sacks Realty Co. v. Shore, 317 N.J. Super. 258, 269 (App. Div. 1998) (citing Vasquez v. Glassboro Serv. Ass'n, 83 N.J. 86, 98 (1980) (invalidating on public policy grounds a migrant worker contract that provided for the worker's summary ejection from employer-provided housing in the event of his discharge)).

N.J.S.A. 2A:18-61.4 declares that "[a]ny provision in a lease whereby any tenant covered by section 2 of this act agrees that his tenancy may be terminated or not renewed for other than good cause . . . , or whereby the tenant waives any

7

other rights under this act shall be deemed against public policy and unenforceable."

Consistent with legislative intent and public policy, courts invalidate waivers of any rights guaranteed by the Act. For example, in Chase Manhattan Bank v. Josephson, the Supreme Court held that absent a showing of good cause, a foreclosing mortgagee may not evict a tenant, even if the Act alters the "contract and common-law property rights" of the landlord. 135 N.J. 209, 232-33 (1994). The Chase Court clarified that the "substantial public interest in preventing eviction of blameless tenants" justifies the alteration of the contract and property rights. Id. at 234.

The Act prohibits the removal of a tenant "from any house, building, mobile home or land in a mobile home park or tenement leased for residential purposes" unless the landlord establishes one or more of the grounds furnishing good cause to evict as specified in N.J.S.A. 2A:18-61.1 to -61.12 (emphasis added). In the residential sphere, the Act's protections explicitly do not apply to the following:

> (1) owner-occupied premises with not more than two rental units or a hotel, motel or other guest house or part thereof rented to a transient guest or seasonal tenant; (2) a dwelling unit which is held in trust on behalf of a member of the immediate family of the person or persons establishing the trust, provided that the member

of the immediate family on whose behalf the trust is established permanently occupies the unit; and (3) a dwelling unit which is permanently occupied by a member of the immediate family of the owner of that unit, provided, however, that exception (2) or (3) shall apply only in cases in which the member of the immediate family has a developmental disability.

[N.J.S.A. 2A:18-61.1.]

As the record below and briefs on appeal reflect, it is undisputed that defendant is a residential tenant in a non-owner-occupied dwelling who is subject to the protections of the Act. None of the exceptions to the Act's protections apply. As such, plaintiff was required to plead and prove good cause for removal as provided by the Act. The sole basis articulated for notice in the underlying complaint was the purported expiration of a month-to-month lease term. That event is not a recognized cause of action supporting the termination of residential tenancies under the Act. The waiver of the right to continued tenancy by an otherwise blameless tenant, as in this case, is invalidated by operation of law. N.J.S.A. 2A:18-61.4.

Because plaintiff failed to plead good cause for the removal of defendant as defined by the Act, the trial court erred as a matter of law in granting a judgment of possession. Accordingly, the judgment of possession is vacated and the warrant of removal nullified without prejudice to the respective rights

9

of the parties, if a new complaint is filed with appropriate grounding under the Act.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10