KAHN, J.T.C.
This is the court’s determination with respect to cross motions in a local property tax appeal. Plaintiff (“taxpayer”) moved to compel defendant (“municipality”) to produce certain documents after which the municipality cross moved for dismissal of the *322 taxpayer’s complaint. The cross motion is based upon the contention that taxpayer failed to timely file its complaint in the Tax Court by April 1,1997 as provided by N.J.S.A. 54:3-21. Since it is this court’s determination that taxpayer’s complaint be dismissed for the reasons hereinafter- stated, taxpayer’s initial discovery motion must be denied.
The subject property is located in the City of Hackensack (Block 100, Lot 5) and at all times relevant was utilized as a nursing home. ,
The municipal assessor, pursuant to N.J.S.A. 54:4-35, timely submitted the 1997 assessment list to the county board of taxation, indicating a total assessment for the subject property of $8,090,300. The assessment for the prior year (1996) was $4,390,-200. Taxpayer acknowledges the receipt of a timely Chapter 75 notification card (on or before February 1, 1997) indicating the assessment for the subject property to be $4,390,200. N.J.S.A. 54:4-38.1. The municipality indicates by its moving papers that a second Chapter 75 notification was mailed to the taxpayer correcting the previous erroneous notice so as to inform taxpayer that the accurate assessment for 1997 would be $8,090,300.
Taxpayer denies ever receiving this second notification. The municipality’s moving papers indicate the existence of a ceitain company (Weltco) engaged to prepare and mail such notices. The municipality’s moving papers include a certification of the assessor of the City of Hackensack detailing the procedure for mailing Chapter 75 notices. The certification includes a letter purportedly executed by a representative of Weltco indicating that a special mailing of Chapter 75 notices took place February 28, 1997 at a specific post office. This letter was attached to the aforementioned certification but not certified to by Weltco or a representative of Weltco. No other evidence was submitted demonstrating that a corrected notice was either sent to or received by taxpayer. Furthermore, no evidence was submitted indicating that the taxpayer was included in the aforesaid special mailing of the second Chapter 75 notices. This court, therefore, finds that the munici *323 pality has failed to produce sufficient evidence that the corrective notice was mailed to or received by taxpayer.
Taxpayer contends that its first awareness of an increase in their assessment was the receipt of a tax bill for the third and fourth quarters of 1997. The municipality has demonstrated the mailing of said tax bills on July 11, 1997. Taxpayer acknowledges receiving the tax bill toward the end of July 1997 but does not specify the receipt date. Taxpayer acknowledges that upon receipt of the tax bill, contact was made with the assessor’s office as to the reasons for the increase in assessment. In response to this inquiry, the assessor’s office confirmed the increase in wilting by letter dated July 29, 1997. It appears irrefutable from the above stated facts that the tax bill was received between July 11, 1997, the date of mailing to the taxpayer, and July 29, 1997, the date the assessor forwarded a letter confirming the increase to the taxpayer.
On September 15, 1997 taxpayer filed a verified complaint seeking temporary restraints to prevent the municipality from collecting and imposing interest on unpaid taxes as well as a proposed order for expedited discovery. On September 16, 1997 the parties presented oral argument before another Tax Court judge on the issue of restraints, which request was denied on the record. Taxpayer was advised by that judge to resubmit its complaint by means of a standard complaint for relief to the Tax Court, which, in fact, was accomplished on September 19, 1997.

ANALYSIS

The municipality’s cross motion seeks to dismiss taxpayer’s complaint by reason of late filing. N.J.S.A. 54:3-21. The statute granting jurisdiction to the Tax Court states in pertinent part:
A taxpayer feeling aggrieved by the assessed valuation of his property ... may on or before April 1 file a complaint directly with the tax court.... A taxpayer shall have 45 days to file an appeal upon the issuance of a notification of a change in assessment.
[N.J.S.A. 54-3-21]
*324 It is clear that all complaints to the Tax Court must be filed on or before April 1 of the tax j^ear, which in this case would be April 1, 1997. N.J.S.A. 54:3-21 permits the filing of a complaint later than April 1 when a taxpayer receives notice of a change in assessment subsequent to the assessor’s certification of the assessment list to the County Board of Taxation. Under this section, if a change in assessment occurs, taxpayer would be entitled to 45 days from the issuance of notification of said change to file an appeal. Failure to file a timely appeal pursuant to N.J.S.A. 54:3-21, however, is a fatal jurisdictional defect requiring dismissal of the complaint. AVR Realty Co. v. Cranford Tp., 16 N.J.Tax 550 (1997). rev’d on other grounds, 316 N.J.Super. 401, 720 A.2d 434 (App.Div.1998) certif. denied, 160 N.J. 476, 734 A.2d 791 (1999).
In this case, there was no notification of a change in assessment as defined by N.J.S.A. 54:3-21. There was, however, an erroneous notification sent to taxpayer which incorrectly stated that the 1997 assessment ($4,390,200) would be the same as the previous year’s assessment. N.J.S.A. 54:3-21 does not cover the situation where the purported notice fails to indicate a correct assessment. Taxpayer obviously had no reason to consider the filing of an appeal to the Tax Court on or before April 1, 1997. Taxpayer’s first written notice that his assessment was different than it was for the previous year occurred when he received the third and fourth quarters tax bill mailed by the municipality on July 11, 1997. While the facts do not demonstrate the exact date upon which taxpayer received the third and fourth quarters tax bill, this court finds that receipt of same could not have taken place subsequent to July 29, 1999. Taxpayer acknowledges receipt “toward the end of July.” Taxpayer further acknowledges a conversation with the assessor’s office leading to the assessor’s written confirmation of the increased assessment. That letter was dated July 29, 1999 and clearly was sent subsequent to the aforementioned telephone conference between the parties.
The instant case does not involve a notice of a changed assessment. This case involves a notice prior to April 1,1997 incorrectly indicating that no change in assessment took place. Since this *325 court has determined that taxpayer never received the second Chapter 75 notice, taxpayer’s first written indication of an increased assessment was receipt of the third and fourth quarters tax bill. No legislation or case law controls this unusual situation. This taxpayer, by reason of the municipality’s error had no reason to file an appeal to the Tax Court or make an inquiry with the tax assessor’s office; therefore, taxpayer is in a similar position as taxpayers defined by N.J.S.A. 54:3-21. Taxpayers covered by events defined in N.J.S.A. 54:3-21 are permitted forty-five days from receipt of notice of a changed assessment within which to file an appeal to the Tax Court. This court finds that fairness requires that this taxpayer also should receive a reasonable time within which to appeal. Forty-five days from receipt of the third and fourth quarters tax bill is likewise appropriate.
In this case, however, taxpayer did not file within forty-five days. The tax bill was received by taxpayer on or prior to July 29, 1997. Taxpayer’s first attempt at filing a complaint with the Tax Court was on September 15, 1997. That complaint, an in lieu of prerogative writ action seeking temporary restraints, was not filed on September 15, 1997, but only marked “received”. In any event, this attempted filing took place forty-eight days subsequent to taxpayer’s receipt of the third and fourth quarters tax bill. Thereafter, on September 19, 1997, taxpayer did file a complaint with the Tax Court seeking a reduction of his assessment. Even if this court related the September 19, 1997 complaint back to taxpayer’s original attempted filing (September 15, 1997), same would be past the forty-five day period. The Tax Court heard a similar argument in Centorino v. Tewksbury, 18 N.J.Tax 303 (Tax 1999); however, as opposed to that case, taxpayer herein failed to file its tax appeal within the extended forty-five day period.
For the reasons hereinabove set forth, the municipality’s cross motion dismissing taxpayer’s complaint is granted and taxpayer’s motion for discovery is denied.