KUSKIN, J.T.C.
In this appeal, plaintiff, the condominium association of the thirty-eight unit Olde Orchard Village residential condominium complex (the “Condominium”), challenges the imposition of a separate property tax assessment for tax year 2002 on a former meeting room at the complex. In 1986 the meeting room was converted to a residential apartment and rented for that purpose through October 1, 2001, the assessing date for 2002. The rent, minus expenses, was used to defray Condominium common expenses. Defendant’s tax assessor treated the apartment as a common element not subject to separate assessment until 2002. The matter was submitted for decision on stipulated facts. After hearing oral argument, I delivered a bench opinion on January 9, 2004 ruling in favor of plaintiff. This opinion amplifies and refines my bench opinion.
The stipulated facts are the following. The initial Master Deed for the Condominium, dated February 8, 1982 (the “Master Deed”), included Unit 14D in Building A (“14D”) as one of the thirty-eight units in the complex. An amendment to the Master *277 Deed, dated March 11, 1982, deleted 14D from the list of units so that 14D could be used as a meeting room for Condominium residents. The amendment also substituted Units 20E and 21F in Building B for what was designated as Unit 21A, thereby keeping the total number of units at thirty-eight. These units, in the aggregate, held a one hundred percent interest in the Condominium’s common elements.
In 1986, plaintiff determined that 14D was not being utilized for its intended meeting-room purpose. Plaintiff applied to defendant’s board of adjustment for a variance to permit conversion of the meeting room to a rental apartment for residential occupancy, and the board granted the application. Defendant’s tax assessor determined that the conversion did not result in an additional assessable unit and continued to assess only the thirty-eight units described in the amended Master Deed.
For tax year 2002, the assessor mailed a notice of assessment with respect to 14D, designated in the notice as Block 366, Lot 2, Condo Unit A14D. The assessor sent the notice to a former trustee of the Condominium association at her condominium unit. Plaintiff received the notice and filed an appeal with the Morris County Board of Taxation contesting the assessment on 14D. The Board affirmed the assessment, and this appeal followed.
The tax status of 14D must be determined by reference to the New Jersey Condominium Act, N.J.S.A. 46:8B-1 to -38 (the “Condominium Act”), and provisions of the Master Deed. The relevant statutory provisions include N.J.S.A. 46:8B-3d which defines common elements as including “elements ... necessary or convenient to the existence, management, operation, maintenance and safety of the condominium property or normally in common use,” N.J.S.A. 46:8B-3d(vii), and “such other elements and facilities as are designated in the Master Deed as common elements.” N.J.S.A. 46:8B-3d(viii). When 14D was used as a meeting room, it fit within these definitions. Under N.J.S.A. 46:8B-6, each unit owner has the right to use common elements “in common with all other unit owners ... in accordance with the reasonable purposes *278 for which [the common elements] are intended without encroaching upon the lawful rights of the other unit owners.”
A condominium unit is “a part of the condominium property-designed or intended for any type of independent use, having a direct exit to a public street ... or to a common element ... and includes the proportionate undivided interest in the common elements ... assigned thereto in the master deed or any amendment thereof.” N.J.S.A. 46:8B-3o. Property tax assessments on condominium units must be imposed separately on each unit “as a single parcel, and not on the condominium property as a whole.” N.J.S.A. 46:8B-19.
Common expenses of a condominium include, among other items, “all expenses of administration, maintenance, repair and replacement of the common elements.” N.J.S.A. 46:8B-3e(i). Common receipts are “(i) rent and other charges derived from leasing or licensing the use of common elements; (ii) funds collected from unit owners as common expenses or otherwise; and (iii) receipts designated as common by the provisions of [the Condominium Act] or by the master deed or the bylaws.” N.J.S.A. 46:8B-3f. Under N.J.S.A. 46:8B-15(c), the condominium association “may purchase units in the condominium and otherwise acquire, hold, lease, mortgage and convey the same. It may also lease or license the use of common elements in a manner not inconsistent with the rights of unit owners.”
The substance and language of the Master Deed generally are consistent with the foregoing statutory provisions. The Master Deed expressly refers to a meeting room and certain other facilities as common elements and expressly authorizes the Condominium association to lease, rent, or grant licenses or concessions with respect to the common elements. The Master Deed confirms that ownership of each unit is conclusively deemed to include its specified undivided interest in the common elements, and provides that the common elements “shall be owned by the owner or owners of each unit as tenants-in-common, the undivided interest of each therein being set forth hereinafter.” The Master Deed confers on each unit owner “the right to use the Common Ele *279 ments in common with all other Unit Owners in accordance with the reasonable purposes for which they are intended.” Attached to the Master Deed is a schedule setting forth each unit’s percentage interest in the common elements.
Both parties rely on some or all of the foregoing statutory and Master Deed provisions as supporting their respective positions. Plaintiff contends that 14D is not separately assessable because: (1) the amended Master Deed does not designate 14D as a unit; (2) 14D has no allocated percentage interest in the common elements; (3) the Master Deed contains an express reference to a meeting room as a common element; and (4) the rental income which 14D generates is used to defray common expenses. Defendant responds that 14D is separately assessable because: (1) it is not designated as a common element in the amended Master Deed; (2) as a result of the rental of 14D for residential occupancy, the unit owners no longer have the use of it as contemplated by the Master Deed and Condominium Act; (3) as a housing unit, 14D places the same demands on municipal services as other condominium units and consequently should pay its share of municipal taxes; and (4) even though 14D is not formally owned by plaintiff, plaintiff is its de facto owner because plaintiff is leasing it and collecting rent.
No court decision is directly on point in resolving the issue before me, that is, whether 14D may be separately assessed as a condominium unit. The following decisions, however, provide some guidance. In Tower West Apartment Ass’n Inc. v. Town of West New York, 2 N.J.Tax 565 (Tax 1981), aff'd 5 N.J.Tax 478 (App.Div.1982), a condominium association owned a five-level parking garage which was available for use by condominium unit owners. The plaintiff argued that the value of the garage was reflected in and absorbed by the condominium units, and, therefore, a separate assessment on the garage was invalid as a matter of law. The Tax Court noted that the garage was specifically conveyed to the condominium association and that both the public offering statement and master deed for the condominium explicitly declared that the garage was not a common element. The court also noted that the offering statement and master deed made clear *280 that no unit owner had any interest in the parking garage beyond the use of a single space conditioned on the payment of a monthly fee. The court concluded that, under the Condominium Act, the parking garage was not assessable as part of each condominium unit and could be separately assessed.
In Wedgewood Knolls Condominium Ass’n v. West Paterson Bor., 11 N.J.Tax 514 (Tax 1991), the condominium association held title to a common element, a clubhouse located in a building separate from, but adjoining, the condominium complex. The clubhouse occupied the third floor of a three-story building which was itself a condominium, having retail stores on the first floor and the apartments and offices on the second floor. The Tax Court relied on provisions in the public offering statement that obligated the association, as owner of the clubhouse, to pay maintenance fees and real estate taxes with respect to the clubhouse, and held that the clubhouse was separately assessable.
[Notwithstanding the [public offering statement] and master deed designation of the clubhouse as a common element, the clubhouse, as distinguished from the other recreation facilities, is not a common element. The evidence shows that the building in which the clubhouse is located is owned by the association. Such separate ownership precludes qualification of the clubhouse as a common element, as by law, ownership of a unit is inseparable from ownership of its proportionate share of the common elements.
[Id. at 528.]
Finally, in Angrist v. Cliffside Park Bor., 12 N.J.Tax 146 (Tax 1991), the Tax Court held that a parking space which had a separate unit designation, and was described separately in the deed which conveyed to the plaintiff both the unit and the parking space, was subject to separate assessment so long as there was no evidence that the aggregate assessment on the condominium unit and the parking space was excessive.
A common thread in these decisions is the requirement that, in order for a condominium facility to be separately assessed, either a unit owner or the condominium association must hold title to the facility. A common element, by contrast, is owned by all unit owners as tenants in common as expressly provided in the Master Deed. See N.J.S.A. 46:8B-6 (referring to the “proportionate undivided interest” of each unit in common elements). For property *281 tax purposes, the value of a common element is allocated among its owners based on percentages set forth in the condominium’s master deed. N.J.S.A. 46:8B-3o; N.J.S.A. 46:8B-19.
The facts before me are different from those before the Tax Court in the cases discussed above in that neither a specific unit owner nor the Condominium association has title to 14D. Each unit owner has an ownership interest in 14D as a tenant in common, and the thirty-eight units at the Condominium, in the aggregate, own one hundred percent of the ownership interests. 14D has no percentage interest in the common elements and no obligation to contribute to common expenses. It became a common element as a result of the amendment to the Master Deed on March 11, 1982, and leasing it for residential use did not change its status, even though unit owners no longer had physical access to it.
Under N.J.S.A. 46:8B-6 each unit owner has a right “in common with all other unit owners” to “use” common elements. That this right is not limited to physical use is suggested by the statutory right of the condominium association to lease common elements, N.J.SA. 46:8B-15(c), and by the definition of common receipts as including “rent and other charges derived from leasing or licensing the use of common elements.” N.J.S.A. 46:8B-3f. Based on this statutory language, I conclude that the concept of common use of common elements is broad enough to encompass a situation where unit owners have no physical access to, but share the financial benefits derived from, a common element. Therefore, applying rent from 14D to payment of common expenses constitutes a common use of 14D by the thirty-eight Condominium unit owners within the contemplation of N.J.S.A. 46:8B-6. See The 400 Condominium Ass’n v. Tully, 79 Ill.App.3d 686, 35 Ill.Dec. 1, 398 N.E.2d 951, 953 (1979) (holding, under statutes similar to the Condominium Act, that a condominium common element (there a parking garage) may be leased to a third party and produce income for the condominium without losing its status as a common element).
*282 Under N.J.S.A. 46:8B-19, the value of common elements must be included in individual unit assessments, based on each unit’s percentage interest. The use of rental income from 14D to pay common expenses would appear to enhance the value of the thirty-eight units at the Condominium because their respective common expense payments are reduced. This value enhancement can and should be reflected in the individual unit assessments.
Plaintiff argued that the notice of assessment from defendant’s assessor was not sent in compliance with the requirements of N.J.S.A. 54:4-38.1 because the notice was addressed to a former member of plaintiff’s board of trustees at her Condominium unit, and was not addressed to the “taxpayer” as mandated by the statute. I find that the notice technically was not in compliance with the requirements of the statute in that it was not sent to the thirty-eight unit owners, which, in the aggregate, comprised the “taxpayer” as to 14D. However, plaintiff received actual notice of the proposed assessment on 14D and filed a timely appeal. Actual notice is sufficient to satisfy constitutional notice requirements under Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). See also Family Realty Co. v. Secaucus, 16 N.J.Tax 185, 193 (Tax 1996) (stating that actual receipt of a notice satisfies due process even if the notice was improperly addressed).
For the foregoing reasons, I will enter judgment in this matter reducing the assessment on 14D to $0.