TAX COURT OF NEW JERSEY



Joshua D. Novin
Judge

Washington & Court Streets, 1ˢᵗ Floor
P.O. Box 910
Morristown, New Jersey 07963
Tel: (609) 815-2922, Ext. 54680
Fax: (973) 656-4305

NOT FOR PUBLICATION WITHOUT THE APPROVAL
OF THE TAX COURT COMMITTEE ON OPINIONS

February 2, 2018

Michael P. O'Grodnick, Esq.
Savo, Schalk, Gillespie, O'Grodnick & Fisher, P.A.
77 North Bridge Street
Somerville, New Jersey 08876

W. Joseph Salvador, Esq.
Lavery, Selvaggi Abromitis & Cohen, P.C.
1001 Route 517
Hackettstown, New Jersey 07840

> Re: Arthur Copcutt o/b/o Highland Farm Estates, LLC
> <u>v. Mansfield Township</u>
> Docket No. 008351-2017

Dear Counsel:

This letter shall constitute the court's opinion on defendant's motion to dismiss plaintiff's Complaint, and on plaintiff's motion to amend the Complaint and to compel discovery.

Defendant maintains that: (1) the court lacks subject matter jurisdiction as a result of plaintiff's failure to timely file an appeal under <u>N.J.S.A.</u> 54:3-21; and (2) plaintiff's Complaint must be dismissed because plaintiff failed to satisfy the tax payment requirement under <u>N.J.S.A.</u> 54:51A-1(b). Conversely, plaintiff seeks permission of the court, under <u>R.</u> 8:3-8(a) and <u>R.</u> 4:9-1, to file an Amended Complaint: (1) correcting a typographical error in the Complaint reciting 2016 as the tax year at issue; and (2) asserting a new count for relief under the Correction of Errors statute, <u>N.J.S.A.</u> 54:51A-7.

1

For the reasons set forth below, the court grants defendant's motion to dismiss plaintiff's Complaint as untimely under N.J.S.A. 54:3-21, and denies plaintiff's motion.

## I. Procedural History and Findings of Fact

In accordance with R. 1:7-4(a), the court makes the following findings of fact based on the submissions of the parties.

Plaintiff, Arthur Copcutt o/b/o Highland Farm Estates, LLC ("plaintiff"), is the owner of the real property and improvements located at 1011 Route 57, Mansfield Township, Warren County, New Jersey. The property is identified on the municipal tax map of Mansfield Township ("defendant") as Block 1402, Lot 1.01 (the "subject property"). The subject property consists of approximately one-hundred and sixty acres of real property.

On February 23, 2017, plaintiff filed a Petition of Appeal with the Warren County Board of Taxation challenging the denial of farmland assessment and the 2016 tax year assessment on the subject property. On the May 16, 2017 hearing date, the Warren County Board of Taxation declined to consider plaintiff's Petition of Appeal as untimely.[1]

On June 5, 2017, plaintiff filed a Complaint with the Tax Court contesting the Warren County Board of Taxation's Memorandum of Judgment.

It is undisputed that for the 2015 tax year the subject property was assessed and taxed as farmland, under the Farmland Assessment Act, N.J.S.A. 54:4-23.1 to 23.3. Plaintiff maintains that an Application for Farmland Assessment for the 2016 tax year, Form FA-1, was submitted to defendant on or about July 21, 2015. Plaintiff further alleges that he did not receive: (a) any denial notice of his Application for Farmland Assessment; (b) any notice of assessment under N.J.S.A.

---

[1] The Warren County Board of Taxation issued a Memorandum of Judgment erroneously reflecting the tax year challenged as "2017" and "Judgment Code# 2B," denoting that the "presumption of correctness [was] not overturned."

2

54:4-38.1, L. 1991, c. 75 ("Chapter 75 notice"); and (c) a preliminary tax bill for the 2016 tax year. Plaintiff asserts that he only received a 2016 tax year final tax bill in August 2016 when he requested it from defendant.[2]

Therefore, plaintiff maintains that the "failure to file a timely appeal was neither intentional nor negligent," because plaintiff "reasonably believed the matter was taken care of upon submitting the FA-1 form." Because of an alleged failure to receive notice of the denial of the 2016 tax year Farmland Assessment Application, and alleged failure to receive the 2016 tax year Chapter 75 notice of assessment, plaintiff maintains that "equitable considerations could allow for a limited extension of appeal filing deadlines once actual notice is received."

Conversely, defendant's tax assessor maintains that an Application for Farmland Assessment, Form FA-1, was mailed to plaintiff prior to July 1, 2015. Because no completed Application for Farmland Assessment, Form FA-1, was received by defendant by August 1, 2015, a Notice of Disallowance of Claim for Valuation of Land under the Farmland Assessment Act of 1964 was forwarded to plaintiff on or about October 28, 2015. Defendant's Notice of Disallowance of Claim for Valuation of Land under the Farmland Assessment Act of 1964 notified plaintiff that "[a]n aggrieved taxpayer has the right to appeal an adverse determination to the County Board of Taxation on or before April 1 of the tax year 2016."

Moreover, defendant maintains that a 2016 tax year Chapter 75 notice of assessment was forwarded to plaintiff by defendant's vendor, Vital Communications, Inc., on January 28, 2016. Defendant's tax assessor certified that although several 2016 tax year Chapter 75 notices of assessment were returned to his office as not delivered, the Chapter 75 notice issued to plaintiff was not among them.

---

[2] No certification from the plaintiff was submitted either in response to defendant's motion, or in support of plaintiff's motion.

3

In support of its motion, defendant submits the certification of Robert Letts, an employee with Vital Communications, Inc. possessing personal knowledge of the process of producing, issuing, and mailing the Chapter 75 notices of assessment. Vital Communications, Inc. ("Vital Communications") was responsible for producing, issuing, and mailing defendant's Chapter 75 notices for the 2016 tax year. According to Vital Communications, its records reveal that for the 2016 tax year 2,871 Chapter 75 notices were produced on defendant's behalf, which corresponds to the 2,870 line item ratables and 1 public utility reflected on defendant's 2016 tax year roll. Mr. Letts certification detailed how the information is cross-checked by Vital Communication's software program, how defendant's Chapter 75 notices are printed, audited, cut and separated, logged for purposes of mailing, and confirmed received and mailed by the United States Postal Service. Moreover, when printed, each Chapter 75 notice contained defendant's return address. The United States Postal Service – Postage Statement – First Class Mail, annexed to the certification, further reflects that 2,871 "postcards" were mailed, by first-class mail, on January 28, 2016.

On November 3, 2017, defendant filed a motion seeking dismissal of plaintiff's Complaint asserting that: (1) plaintiff's challenge to the 2016 tax year assessment was untimely under N.J.S.A. 54:3-21; and (2) dismissal of plaintiff's Complaint is warranted under N.J.S.A. 54:3-27, as "the taxpayer in the above captioned matter had not paid the municipal charges since the second quarter of 2016. These bills remain due and unpaid as of the date of this certification." The certification of defendant's tax collector, submitted in support of defendant's motion, states that as of November 3, 2017 plaintiff had not paid the municipal charges since the second quarter of 2016.[3]

---

[3] In a supplemental certification, defendant's tax collector certifies that on November 20, 2017, plaintiff satisfied the unpaid 2016 tax year municipal charges.

On December 11, 2017, plaintiff filed opposition to defendant's motion, and filed a "cross-motion" seeking to file an Amended Complaint to include a count for relief under the Correction of Errors statute, N.J.S.A. 54:51A-7, and to compel discovery from defendant.

On December 13, 2017, the court conducted a conference on the record with counsel regarding the substance of defendant's motion to dismiss and plaintiff's "cross-motion." The court highlighted that defendant's motion sought relief under N.J.S.A. 54:3-27 (reserved for "direct appeals to the Tax Court and initial appeals to a county board of taxation. . ." Dover-Chester Associates v. Randolph Twp., 419 N.J. Super. 184 (App. Div. 2011)), and not N.J.S.A. 54:51A-1(b), which applies to appeals to the Tax Court from judgments of the county boards of taxation. Additionally, the court determined that the substance of plaintiff's "cross-motion" did not "relate[] to the subject matter of the original motion," as required under R. 1:6-3(b). Therefore, the court afforded defendant the opportunity to submit an amended notice of motion, brief, and certification.[4] Moreover, the court deemed plaintiff's motion, an unrelated motion to amend the pleadings and to compel discovery from defendant.

Oral argument on the motions was held on January 5, 2018. Following oral argument, the court afforded counsel the opportunity to submit supplemental certifications and briefs addressing issues raised by the court during oral argument.

**II. Conclusions of Law**

    A. Motion to amend Complaint; Correction of Errors

Amendments to pleadings in the Tax Court are governed by R. 8:3-8(a), which supersedes R. 4:9-1. See Town of Secaucus v. Hudson Cnty. Bd. of Taxation, 17 N.J. Tax 215, 228 (Tax 1998); Prime Accounting Dept., supra, 212 N.J. at 510. The rule provides that:

---

[4] On December 20, 2017, defendant filed an Amended Motion to Dismiss seeking relief under N.J.S.A. 54:3-21 and N.J.S.A. 54:51A-1(b).

A party may, upon notice to all parties and proof of notice, amend pleadings at any time prior to the completion of the pretrial conference or, if there is no pretrial conference, at any time prior to the receipt of notice of the first date fixed for trial. . . Unless the court and the proponent of the amendment are notified of objections within 20 days after service, the amendment shall be accepted. If objection is made, the matter may be listed for hearing in the discretion of the court.

[R. 8:3-8(a).]

Here, plaintiff's Complaint was filed on June 5, 2017, no pretrial conference was conducted, and the first date for trial was not assigned. However, defendant objected to the proposed amendment to the extent that plaintiff sought to amend the pleadings including a count under the Correction of Errors statute.[5] Defendant maintained that under Hovbilt v. Township of Howell, 138 N.J. 598, 622 (1994), a misplaced or lost farmland assessment application was not a "mistake in tax assessment" for purposes of the Correction of Errors statute, and must be addressed through the standard tax-appeal procedure under N.J.S.A. 54:3-21.

Generally, leave to amend pleadings is "freely given without consideration of the ultimate merits of the amendment." Howard v. University of Medicine and Dentistry of New Jersey, 338 N.J. Super. 33, 37 (App. Div. 2001), rev'd on other grounds, 172 N.J. 537 (2002) (citing Kernan v. One Washington Park, 154 N.J. 437, 456 (1998)). "While motions to amend pleadings are required by the express terms of the rule to be liberally granted, there remains nevertheless a necessary area of judicial discretion in denying such motions where the interests of justice require." Wm. Blanchard Co. v. Beach Concrete Co., 150 N.J. Super. 277, 299 (App. Div. 1977), certif. denied, 75 N.J. 528 (1977). "In exercising that discretion, if the judge is satisfied that the newly asserted claim is not sustainable as a matter of law, he or she may refuse leave to amend." Hansen

---

[5] Defendant did not object the proposed amendment that it sought to correct the typographical error in the Complaint by substituting the 2016 tax year for the 2017 tax year.

v. Hansen, 339 N.J. Super. 128, 140-141 (App. Div. 2001) (citing Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 256-57 (App. Div. 1997)). See also Mustilli v. Mustilli, 287 N.J. Super. 605, 607 (Ch. Div. 1995) (concluding "that courts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law"); City Check Cashing, Inc. v. National State Bank, 244 N.J. Super. 304, 309 (App. Div. 1990), certif. denied, 122 N.J. 389 (1990) (concluding that "the motion to amend was properly denied because on the merits it is clear that the claim alleged in the proposed amendment must fail").

Here, plaintiff seeks to amend the pleadings to include a count for relief under the Correction of Errors statute, N.J.S.A. 54:51A-7.

The Correction of Errors statute stands as a marked departure from the standard tax appeal process authorized under N.J.S.A. 54:3-21, and is designed to remedy typographical, clerical and mechanical errors in local property tax assessments. The statute affords a party a period for seeking relief long after the deadline for pursuing a local property tax appeal has expired. The statute provides, in part, that:

> [t]he tax court may, upon the filing of a complaint at any time during the tax year or within the next 3 years thereafter, by a property owner, a municipality or a county board of taxation, enter judgment to correct typographical errors, errors in transposing, and mistakes in tax assessments, provided that such complaint shall set forth the facts causing and constituting the error or errors and mistake or mistakes, or either thereof sought to be corrected and that such facts be verified by affidavits submitted by the plaintiff. The tax court shall not consider under this section any complaint relating to matters of valuation involving an assessor's opinion or judgment.
>
> [N.J.S.A. 54:51A-7.]

Historically, the Tax Court endorsed a narrow interpretation of the Correction of Errors statute, given the need to ensure predictability and finality in local property taxation. Thus, the court applied a more restrictive approach to the statute, concluding that correctable mistakes were

7

limited to "typographical, transpositional, clerical, mathematical, mechanical, or other related administrative errors." Van Winkle v. Rutherford Borough, 12 N.J. Tax 290, 293 (Tax 1992) (citing H.K.G.W. Corp. v. East Brunswick Township, 8 N.J. Tax 454, 458-460 (Tax 1986), aff'd, 9 N.J. Tax 91 (App. Div. 1987); McElwee v. Ocean City, 7 N.J. Tax 355, 362 (Tax 1985)).

However, in 1994 our Supreme Court concluded that the Correction of Errors statute's "capacity to grant relief in cases involving unquestionable tax-assessment mistakes need not be so narrowly construed." Hovbilt, Inc. v. Township of Howell, supra, 138 N.J. at 617. The Court endorsed a more moderate interpretation of the statute, observing that in enacting the revisions to N.J.S.A. 54:51A-7, the Legislature's "only express qualification of the judiciary's power to correct mistakes in tax assessments" was to limit the "authorization to the correction of mistakes that are indisputable and not subject to debate about whether the assessment to be corrected resulted from an assessor's exercise of discretion." Hovbilt, Inc., supra, 138 N.J. at 617-18. Thus, the Court introduced a two-prong test for relief under N.J.S.A. 54:51A-7. First, the alleged mistake in assessment must be "indisputable, and cannot plausibly be explained on the basis of an exercise in judgment or discretion by the assessor or his or her staff." Id. at 618. Second, the "correct assessment must readily be inferable or subject to ready calculation on the basis of the assessment mistake for which correction is authorized." Id. at 618-19.

Nonetheless, in Hovbilt, Inc., supra, the court concluded that the relief sought by the taxpayer, a claim for farmland assessment, was not "of sufficient certainty to justify relief under the abbreviated and extraordinary procedures authorized by the Correction of Errors statute." Hovbilt, Inc., supra, 138 N.J. at 622. The court highlighted that the alleged mistake, specifically, the municipal assessor's misplacement of the taxpayer's farmland assessment application, "should have been addressed through the standard tax-appeal procedure" under N.J.S.A. 54:3-21. Ibid.

8

(emphasis added). Moreover, the consequences of such error, were not "sufficiently certain so as to constitute an indisputable mistake in tax assessments; and. . . not necessarily readily inferable or subject to easy calculation." Ibid.

Plaintiff urges this court to permit amendment of the Complaint, under R. 8:3-8(a) and R. 4:9-1, to assert an additional cause of action against defendant under the Correction of Errors statute. However, as the court observed in Hovbilt, Inc., such alleged error must be redressed in the standard tax-appeal procedure enumerated under N.J.S.A. 54:3-21, and not under the Correction of Errors statute. Accordingly, the court finds that plaintiff's proposed newly asserted claim under the Correction of Errors statute is not sustainable as a matter of law, and therefore declines to permit plaintiff to amend the Complaint in this matter under R. 8:3-8(a).

B. Subject Matter Jurisdiction; Farmland Assessment Act

N.J.S.A. 54:3-21 prescribes the procedure for a taxpayer or taxing district that believes it is "aggrieved by the assessed valuation of property, or discriminated against by the assessed valuation of other property." F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 423 (1985). N.J.S.A. 54:3-21, provides, in relevant part, that:

> a taxpayer feeling aggrieved by the assessed valuation of the taxpayer's property, or feeling discriminated against by the assessed valuation of other property in the county…may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, appeal to the county board of taxation by filing with it a petition of appeal; provided however, that any such taxpayer or taxing district may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $1,000,000.
>
> [N.J.S.A. 54:3-21.]

9

Thus, a necessary predicate to challenging the assessed value of property requires the aggrieved party to file a petition of appeal with the county board of taxation, or a direct appeal with the Tax Court, the later of April 1, or 45 days from the mailing of the notice of assessment. However, the "timeliness of a tax appeal is critical." Prime Accounting Dept. v. Township of Carney's Point, 212 N.J. 493, 507 (2013). The "[f]ailure to file a timely appeal pursuant to N.J.S.A. 54:3-21[] . . . is a fatal jurisdictional defect requiring dismissal of the complaint." Regent Care Ctr. v. City of Hackensack, 18 N.J. Tax 320, 324 (Tax 1999).

To afford taxpayers notice of their local property tax assessments and corresponding tax appeal rights N.J.S.A. 54:4-38.1 requires that prior to February 1 every assessor "notify by mail each taxpayer of the current assessment and preceding year's taxes. . . Any notice issued by the assessor or county board of taxation shall contain information instructing taxpayers on how to appeal their assessment along with the deadline to file an appeal. . ." N.J.S.A. 54:4-38.1.

Moreover, when a farmland assessment application has been timely filed, and is denied, our Legislature has established an orderly procedure for the property owner to challenge such denial. N.J.S.A. 54:4-23.13b, provides, in pertinent part:

> [w]here an application for valuation hereunder has been filed by the owner of land. . . the assessor of the taxing district. . . shall, on or before November 1 of the pretax year, forward to such owner a notice of disallowance by regular mail when a claim has been disallowed. The assessor shall set forth. . . reason or reasons therefore together with a statement notifying the landowner of his right to appeal such determination to the county board of taxation on or before April 1 of the tax year. An appeal made pursuant to this section shall be governed by the procedures provided for appeals in R.S. 54:3-21.
>
> [N.J.S.A. 54:4-23.13b (emphasis added).]

Thus, as underscored by the court in Hovbilt, Inc. v. Twp. of Howell, supra, the proper and statutorily authorized remedy for a property owner seeking to challenge the denial of a farmland

assessment application is "through the standard tax-appeal procedure." Id. at 622. That statutorily imposed deadline is "on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later." N.J.S.A. 54:3-21.

In New Jersey, a presumption arises that a properly addressed, stamped and posted mail "was received by the party to whom it was addressed." Ssi Medical Servs. v. HHS, Div. of Medical Assistance & Health Servs., 146 N.J. 614, 617 (1996); see also Bruce v. James P. MacLean Firm, 238 N.J. Super. 501, 505 (Law Div.), aff'd o.b., 238 N.J. Super. 408 (App. Div. 1989); Tower Management Corp. v. Podesta, 226 N.J. Super. 300, 304 n. 3 (App. Div. 1988), Cwiklinski v. Burton, 217 N.J. Super. 506, 509-10 (App. Div. 1987). In order to invoke this presumption, the sender bears a burden to prove, by a reasonable preponderance of the evidence, that: (1) the envelope or parcel was correctly addressed; (2) proper postage was affixed; (3) a proper return address was set forth; and (4) the mailing was deposited in a United States Postal Service mail receptacle or at a United States Postal Service office. Ssi Medical Servs., supra, 146 N.J. at 621-22 (1996); Lamantia v. Howell Twp., 12 N.J. Tax 347, 352 (1992). Nevertheless, the presumption of receipt "is rebuttable and may be overcome by evidence that the [mailing] was never in fact received." Ssi Medical Servs., supra, 146 N.J. at 625.

Here, the evidence offered in support of defendant's motion supports a finding that on January 28, 2016 Vital Communications forwarded, on defendant's behalf, a Chapter 75 notice of assessment to plaintiff. Thus, it is presumed that the notice were delivered to plaintiff. Plaintiff acknowledges that defendant's Chapter 75 notice contained the correct street address, 18 Church Street, Newton, New Jersey 07860, however argues that the notice omitted the suite number, resulting in plaintiff not receiving it.

11

Nevertheless, plaintiff received actual notice of the denial of the Farmland Assessment Application and notice of the 2016 tax year tax assessment on the subject property in August 2016, when plaintiff received copies of the tax bill from the defendant. However, it was not until February 23, 2017 that plaintiff filed an appeal with the Warren County Board of Taxation challenging the denial of the farmland assessment and the assessed value of the subject property.

Plaintiff maintains that equity and due process considerations permit the court to extend the tax appeal filing deadline promulgated under N.J.S.A. 54:3-21. As authority for this position, plaintiff cites City of East Orange v. Livingston Township, 27 N.J. Tax 161 (Tax 2013) and Southway, Peter & Lena v. Wyckoff Twp., 20 N.J. Tax 194 (2002).

In City of East Orange v. Livingston Township, supra, 27 N.J. Tax 161 (Tax 2013), the defendant imposed local property tax assessments on properties known as the East Orange Water Reserve. During the tax years at issue, notices of assessment were forwarded to the City of East Orange using two different mailing addresses. Plaintiff asserted that the assessments were excessive, erroneous, and unconstitutional, and that it never received the notices of assessment, because they were incorrectly addressed. Defendant maintained that none of the assessment notices were returned as undeliverable. The court highlighted that the deadline to file an appeal with the county board of taxation or Tax Court was the later of April 1, or 45 days from the date the bulk mailing is completed in the taxing district. See N.J.S.A. 54:3-21. However, the court noted that "[w]here a taxpayer fails to receive such notice, and based on the facts of each case, courts have extended the appeal filing deadlines set forth in N.J.S.A. 54:3-21, not only due to the statutory mandate, but also because lack of notice implicates due process concerns." Id. at 169 (citing Centorino, supra, 18 N.J. Tax at 316).

12

The court highlighted that defendant's notices of assessment contained a number of deficiencies in the recipient address and thus, did not necessarily support a conclusion of mail delivery. However, the court stated that the plaintiff had actual knowledge of the assessments sometime between June 2009 and September 2009, when it received the tax bills during a meeting with defendant's assessor. Yet, plaintiff failed to file appeals challenging the assessments on the properties until December 2010, some 18 months after it received actual notice of the assessments. Concluding that the court lacked subject matter jurisdiction over the taxpayer's complaint, under N.J.S.A. 54:3-21, the court observed that in considering the due process implications of the alleged failure to receive the notices of assessment, "actual notice is relevant." Id. at 171 (citing Olde Orchard Village Condo Apartments, Inc. v. Township of Pequannock, 21 N.J. Tax 275, 282 (Tax 2004)). Significantly, the court continued that when:

> actual notice is received beyond the appeal deadlines. . . equitable considerations could allow for a limited extension of appeal filing deadlines. Where a taxpayer has actual knowledge of an increased assessment only upon receipt of tax bills indicating increased taxes, those tax bills are deemed to be actual notice of the assessment, and the time to file an appeal can be extended for up to 45 days.
>
> [Id. at 171 (citing Centorino, supra, 18 N.J. Tax at 307).]

In Southway, Peter & Lena v. Wyckoff Twp., supra, 20 N.J. Tax 194 (Tax 2002), the taxpayer maintained that they did not receive notice of the increased tax assessment on their property until July, when they received their tax bill. Therefore, the taxpayers argued that their petition of appeal filed in August with the county board of taxation was timely. In rejecting the taxpayer's claim, the court found that a presumption of receipt attached to defendant's mailing of the notice of assessment. Accordingly, because the taxpayers shouldered the burden of proving non-delivery of the notice of assessment, and failed to rebut that presumption by a reasonable preponderance of the evidence, the taxpayer's complaint must be dismissed.

13

Similarly, in Centorino v. Tewksbury Twp., supra, 18 N.J. Tax 303 (Tax 1999), the taxpayer did not receive notice of an increased property assessment for 1998 until August 1 of the tax year due to an error in the municipality's mailing system. The taxpayer contacted the tax assessor and filed an appeal, which the municipality rejected as untimely. The taxpayer subsequently filed a complaint with the Tax Court challenging the assessment. Id. at 308. The municipality contended that it mailed the assessment to the correct address, however conceded that the notice was addressed to the attention of the prior owner. The taxpayer contended that she never received notice, even one addressed to the previous owner. Id. at 309. The court found that the taxpayer never received the notice of assessment prior to August 1998. Id. at 310. Importantly, the court concluded that "[u]pon receipt of the [tax] bill she took prompt action in contacting the assessor and filing an appeal to the county board." Id. at 319. Ultimately, the court held that "[u]nder these unique facts and circumstances, the principles of due process necessitate the extension of the filing deadline so that the taxpayer is not denied access to the court and the opportunity for a hearing on her appeal." Id. at 320.

The common theme expressed by the courts in the above cases is that when due process notice requirements are at issue, actual or adequate notice is relevant. See Schneider v. City of E. Orange, 196 N.J. Super. 587, 595 (App. Div. 1984), aff'd., 103 N.J. 115, cert. denied, 479 U.S. 824, 107 S. Ct. 97, 93 L. Ed. 2d 48 (1986); City of East Orange v. Livingston Twp., supra, 27 N.J. Tax at 171; Olde Orchard Village Condo Apartments, Inc., supra, 21 N.J. Tax 275; Centorino v. Township of Tewsbury, supra, 18 N.J. Tax at 316; Family Realty Co. v. Township of Secaucus, 16 N.J. Tax 185 (Tax 1996); I.S. Smick Lumber v. Hubschmidt, 177 N.J. Super. 131 (Law Div. 1980).

Here, defendant presented sufficient credible evidence for a presumption of receipt to attach to the 2016 tax year Chapter 75 notice of assessment issued to plaintiff. Conversely, plaintiff has offered evidence insufficient to rebut the presumption of mailing. Because plaintiff bears the burden of proving the non-delivery of the 2016 tax year Chapter 75 notice, and has failed to offer evidence sufficient to carry such burden, plaintiff's untimely filing cannot be deemed excused.

Nonetheless, had plaintiff been able to offer credible evidence sufficient to rebut the presumption of mailing, then due process considerations and equitable principles could permit "a limited extension of appeal filing deadlines." City of East Orange, supra, 27 N.J. Tax at 171. Applying those principles, a taxpayer could be afforded a limited extension of the filing deadline for a period not in excess of 45 days. However, the record in this matter discloses that plaintiff possessed actual knowledge of the tax assessments in August 2016, when he received his tax bill. This would have necessitated plaintiff to file an appeal with the Warren County Board of Taxation by no later than October 2016. Plaintiff did not file an appeal challenging the denial of the farmland assessment and local property tax assessment on the subject property until February 23, 2017, approximately 175 days after he received actual notice of the assessment. Thus, application of due process and equitable principles to the instant matter would not have afforded plaintiff relief, as the appeal was filed outside of the 45-day period that would have commenced running on the date he received actual notice of the assessment.

In McMahon, supra, 195 N.J. at 542-543 (2008), our Supreme Court declared that the Tax Court is a "court of limited jurisdiction." The court's "jurisdiction is constrained by the language of its enabling statutes." Prime Accounting Dept., supra, 212 N.J. at 505. The statutory jurisdiction conferred on the court is expressed, in part, as the authority "to review actions or regulations with respect to a tax matter of. . . [a] county board of taxation; . . . [a] county or municipal official."

15

N.J.S.A. 2B:13-2.  Strict compliance with filing deadlines is a condition precedent to conferring jurisdiction on the court to review county board of taxation judgments.  The "failure to file a timely appeal is a fatal jurisdictional defect."  F.M.C. Stores Co., supra, 100 N.J. at 424-25.

Accordingly, the court concludes that it lacks subject matter jurisdiction, under N.J.S.A. 54:3-21, in this matter and grants defendant's motion to dismiss plaintiff's Complaint.[6]

### III. Conclusion

For the above stated reasons, plaintiff's motion to amend the Complaint is denied, and defendant's motion to dismiss plaintiff's Complaint for lack of subject matter jurisdiction under N.J.S.A. 54:3-21, is granted.  The court will enter an Order dismissing plaintiff's Complaint.

Very truly yours,


/s/Hon. Joshua D. Novin, J.T.C.

---

[6] As a result of the court's conclusion that it lacks subject matter jurisdiction in this matter, the court need not address the balance of defendant's motion which seeks dismissal of plaintiff's Complaint under N.J.S.A. 54:51A-1(b), nor plaintiff's motion to compel discovery from defendant.

16