**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

WESTFIELD HALL, INC.,

                 Plaintiff,

     v.

SCOTCH PLAINS TOWNSHIP,

                 Defendant.

TAX COURT OF NEW JERSEY

DOCKET NO. 000322-2021

**DECIDED: April 7, 2022**

Andrew S. Kessler, for plaintiff Westfield Hall, Inc.
(Saiber LLC).

Adam J. Colicchio, for defendant Scotch Plains Township
(Renaud DeAppolonio, LLC).

GILMORE, J.T.C.

This opinion concerns Defendant Scotch Plains Township's (hereinafter "Township") Motion to Dismiss Plaintiff Westfield Hall, Inc.'s (hereinafter "Plaintiff") complaint, appealing the Township's determination that property owned by Plaintiff in the Township was no longer exempt from taxation under N.J.S.A. 54:4-3.6, as untimely. For the reasons stated herein, the court grants the Township's motion.

## **Findings of Fact and Procedural History**

The court makes the following findings pursuant to R. 1:7-4. The subject property in this appeal is located at Block 8201, Lot 14, 2265 South Avenue, Scotch Plains, New Jersey (hereinafter "the subject property"). Plaintiff has been the owner of the subject property since around 2006 or 2007. When initially purchased by Plaintiff, the subject property was utilized

solely for religious and charitable purposes. Prior to the 2019 tax year, the subject property was classified as 15D (Exempt). The Tax Assessor for the Township made the determination in or around January 2019 that the subject property was no longer in use for religious purposes, and that in his judgment, the property was no longer eligible for property tax exemption. The assessor certified that on January 10, 2019, he mailed to the Plaintiff a notice of this determination that the exemption had been disallowed for the 2019 tax year and that any appeal must be filed with the Union County Board of Taxation (hereinafter "the Board") on or before April 1, 2019. This notice was sent to the address of record for the subject property, 4 Scotchwood Glen Scotch Plains, New Jersey 07076, the address of record since at least 2014.

Plaintiff submitted in its complaint that in or about October 2020, a representative for Plaintiff was notified that the subject property was on the Tax Sale Lien List for 2019 non-payment of taxes. Plaintiff's representative certified that this was the first time that Plaintiff was made aware that 2019 taxes were issued by the Township. After an inquiry revealing to Plaintiff that their exemption status was removed for tax years 2019 and 2020, Plaintiff presented these facts to the Mayor and Council of Scotch Plains on December 15, 2020.[1] Following this meeting, Plaintiff filed a Petition with the County Board of Taxation on December 31, 2020. Plaintiff's Petition to the Board was denied on January 8, 2021 as untimely. Subsequently, Plaintiff filed a two-count complaint with the court on January 15, 2021, asserting claims of "Exemption and Correction of Error" pursuant to N.J.S.A. 54:4-3.6 and N.J.S.A. 54:51A-7, respectively. In response, the Township filed this Motion to Dismiss.

---

[1] Plaintiff was advised at this meeting that they may file an application with the Union County Tax Board to reinstate the Property's 2019 and 2020 tax exemption.

## Conclusions of Law

*1. Plaintiff's Exemption Claim is Untimely*

The Township argues that Plaintiff's complaint must be dismissed as untimely. Specifically, the Township argues that Plaintiff's only recourse in this matter was to file timely appeals with the Board "by April 1, 2019, challenging the 2019 Tax Assessment, and July 1, 2020, challenging the 2020 Tax Assessment, respectively." The Township states that Plaintiff's failure to do so until December 31, 2020 deprives this court of jurisdiction.

Tax-exemption claims filed pursuant to N.J.S.A. 54:4-3.6 are governed by R. 8:2(c), which provides:

> Except as otherwise provided by N.J.S.A. 54:3-21 (direct review of certain assessments to the Tax Court) …or N.J.S.A. 54:51A-7 (complaint for correction of error), no action to review a local property tax assessment may be maintained unless an action has been instituted before the County Board of Taxation.
>
> [R. 8:2(c).]

N.J.S.A. 54:3-21 governs the timeliness of taxpayer appeals, and provides, in pertinent part:

> A taxpayer feeling aggrieved by the assessed valuation of the taxpayer's property…may on or before April 1, or 45 days from the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $1,000,000.
>
> [N.J.S.A. 54:3-21.]

This provision should be read with an understanding that "[s]trict adherence to statutory time limitations is essential in tax matters," because those timeframes are "borne of the exigencies of

3

taxation and the administration of local government." F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 424 (1985).

In opposition to the Township's motion, Plaintiff argues that N.J.S.A. 54:3-21 cannot apply, because Plaintiff never actually received notice of the assessment until October 2020, well after the statutory filing deadline for both tax years. Plaintiff states that it had told the Township that it was changing its mailing address for receiving all tax related documents regarding the subject property, and the Township failed to make this change in its records. Plaintiff presented evidence that in addition to the subject property, it owns two other land lot properties. The mailing address for one of these two additional properties was different from the subject property's mailing address, and, according to Plaintiff, that was due to the Township's failure to adequately update its records.

In support of their argument, Plaintiff cites New Concepts for Living v. City of Hackensack, 376 N.J. Super. 394. (App. Div. 2005). There, the taxpayer appealed the loss of its local property tax exemption for the tax years 2000 and 2001. The property subject to that appeal was used from the mid-1990s until 1998, when the taxpayer relocated twice.[2] See New Concepts for Living, 376 N.J. Super. at 396. While the taxpayer was in the process of relocating, it still owned the subject property, and began renting space out to another non-profit entity. Id. The city's tax assessor sent tax assessment notices and the tax bills to the wrong address, and they were returned to the city. Id. at 396-97. The taxpayer thereafter learned of the change of assessment when they received a notice of a municipal tax sale of the property in July 2001 to

---

[2] Plaintiff was exempt from paying property taxes on the building during its occupancy of the building.

satisfy the unpaid 2000 taxes. Id. at 397. The taxpayer subsequently contacted the County Tax Board but was told that they were "out of time to file an appeal." Id. at 398.

The Appellate Division reversed the trial court's dismissal of the taxpayer's complaint. While court stated that "[p]laintiff probably had an obligation to notify the assessor that it had relocated its operations," the city "nonetheless failed to properly notify plaintiff in 1999 of the purported need to reapply for the tax exemptions." Id. at 402-03. The taxpayer there did not receive "tax assessment notices or tax bills for those years," as they were mailed to the incorrect address. Id. at 403.

Plaintiff's arguments here are not persuasive. "Due process does not require tax collectors, municipalities and their staffs to examine the tax rolls to search for outdated or incorrect addresses supplied by property owners, or to communicate with property owners to ascertain whether their addresses remain correct." Brick v. Block 48-7, Lots 34, 35, 36, 202 N.J. Super. 246, 252 (App. Div. 1985); see also New Concepts for Living, 376 N.J. Super. at 402-03 (stating that it is likely that the taxpayer "had an obligation to notify the assessor that it had relocated its operations"). Here, Plaintiff stated that it informed the Township that it was changing mailing addresses for all its properties in the Township from the 4 Scotchwood Glen address to an address located at 6 Robin Road, Scotch Plains, New Jersey. Plaintiff pointed to the fact that records indicated that the address for one of the two additional properties not subject to this appeal was changed to the 6 Robin Road address, while the mailing address for the subject property was still 4 Scotchwood Glen. However, the Township presented evidence that the change in address for the additional properties to the 6 Robin Road address was specifically

5

requested by the Plaintiff, whereas no such request was made for the subject property.[3] As the Plaintiff has presented no direct evidence that any request was submitted for change of mailing address of the subject property, and as any implication that such a request may have been made in concert with the change for the additional properties has been soundly rebutted by cogent evidence submitted by the Township, the court finds that the notices were properly mailed to the address on file.

However, even if this court was convinced that the incorrect mailing address was the fault of the municipality, Plaintiff would still not prevail. In Regent Care Ctr. v. Hackensack City, 18 N.J. Tax 320 (Tax 1999), the tax assessor for the city submitted a 1997 assessment list to the county board and issued a timely Chapter 75 notification card to the taxpayer. 18 N.J. Tax at 322. The notification card contained the incorrect assessment value, and the city stated that it sent a corrected card to the taxpayer, which the taxpayer denied receiving. Id. The taxpayer was made aware of the change in assessment when they received their tax bill for the subject property, which were received by the taxpayer no later than July 29, 1997. Id. at 323. The taxpayer filed their complaint on September 15, 1997, and the court dismissed it as untimely. Id. The court stated:

> This taxpayer, by reason of the municipality's error had no reason to file an appeal to the Tax Court or make an inquiry with the tax assessor's office; therefore, taxpayer is in a similar position as taxpayers defined by N.J.S.A. 53:3-21. Taxpayers covered by [this statute] are permitted forty-five days from receipt of notice of a changed assessment within which to file an appeal with the Tax Court. This court finds that fairness requires that this taxpayer also should receive a reasonable time within which to appeal. Forty-five days from receipt of the third and fourth quarters tax bill is likewise appropriate.
>
> [Id. at 325 (emphasis added).]

---

[3] The Township submitted a certification of the assessor stating that Plaintiff requested the tax collector to change the billing address for "Block 12101 Lot 0039" and "Block 12101 Lot 0040" to the 6 Robin Road address. The subject property's block and lot numbers were not provided for in the request.

The court dismissed the complaint because the taxpayer did not file within forty-five days of receiving their tax bills. Id.

The Township argues in its motion papers that even assuming a date of notice most favorable to the Plaintiff, the complaint should still be dismissed as untimely. The court agrees. Whether the notice of assessments was sent to the incorrect address here by fault of the Township or Plaintiff, Plaintiff nonetheless is in the same situation as the taxpayer in Regent Care Ctr. See Regent Care Ctr., 18 N.J. Tax at 325. Plaintiff submitted to the court in their own motion papers that they learned that their property was no longer tax exempt "on or about October of 2020." As with the taxpayer in Regent Care Ctr., fairness would require that Plaintiff be given a reasonable time to file their appeal, which the court finds would be forty-five days after Plaintiff learned from a Township representative of the change in tax-exempt status - in or around October of 2020.[4] Even giving a date of notice most favorable to Plaintiff, October 31, 2020, Plaintiff's complaint would have to have been filed by December 15, 2020, sixteen days prior to their filing of December 31, 2020. Therefore, the court must dismiss the complaint as untimely.

   2.  *The Correction of Errors Statute is Inapplicable*

The Township also asserts in its motion that Plaintiff's Correction of Error appeal must also be dismissed due to its inapplicability to the case at hand. The court agrees.

The Correction of Errors statute provides, in pertinent part:

   The tax court may, upon the filing of a complaint at any time during the tax year or within
   the next 3 tax years thereafter, by a property owner, a municipality, or a county board of

---

[4] The court is not persuaded by Plaintiff's argument that Regent Care Ctr. cannot be followed because Plaintiff did not receive their tax bills here. Nothing from the opinion suggests that this rule is limited to when a taxpayer first learns of a change in assessment when they receive their tax bill for the property.

taxation, enter judgment to correct typographical errors, errors in transposing, and mistakes in tax assessments…[t]he tax court shall not consider under this section any complaint relating to matters of valuation involving an assessor's opinion or judgment.

[N.J.S.A. 54:51A-7 (emphasis added).]

The purpose of this statute pertaining to mistaken assessment is to avoid injustice in the tax assessment process. See Hovbilt, Inc. v. Township of Howell, 138 N.J. 598 (1994). This section is concerned only with administrative errors and not challenges to the tax assessor's opinion as to property valuation or whether the tax assessor correctly identified the parcel of property as real or personal property. See H.G.K.W. Corp. v. East Brunswick Twp., 8 N.J. Tax 454, 462 (Tax 1986). "'Mistakes in tax assessments' must be understood to mean mistakes such as typographical errors and errors in transposing." Neptune Corp. v. Wall Twp., 9 N.J. Tax 80, 86 (Tax 1987) (citing Bressler v. Maplewood Twp., 190 N.J. Super. 99 (App. Div. 1983)). The phrase "mistakes in tax assessments" must be construed liberally and must be applied "to all cases in which the mistakes are not subject to debate about whether the assessment to be corrected resulted from an assessor's exercise in discretion." 303, Inc. v. City of Wildwood, 21 N.J. Tax 376, 383 (Tax 2004). Mistakes in assessment are indisputable, and "cannot plausibly be explained" based on an exercise of judgment or discretion by the assessor. Id. The court in Hovbilt addressed the scope of the Correction of Errors statute. Pointing to the statute's legislative history, as well as the historical restrictive interpretation of the law, the court stated:

> In authorizing the correction of typographical errors, errors in transposing and mistakes in tax assessments, the Legislature's only express qualification of the judiciary's power to correct mistakes in tax assessments was to exclude matters of valuation involving an assessor's opinion or judgment. We understand that exclusion as a clear expression of legislative intent to limit the statutory authorization to the correction of mistakes that are indisputable and not subject to debate about whether the assessment to be corrected resulted from an assessor's exercise of discretion.
>
> [Hovbilt, 138 N.J. at 617-18 (emphasis added).]

8

Plaintiff interprets the relevant case law as allowing the Correction of Errors statute to apply to matters where mistakes in assessment are "indisputable," and thus argues the Township's determination that the subject property is no longer tax exempt is an "indisputable" mistake by the Township. The court cannot agree with this assertion. Plaintiff has provided no case law that finds that a determination of whether property is exempt from taxation falls under the Correction of Errors statute. Furthermore, whether the subject property here is still used for religious purposes is not "indisputable." The assessor here determined that the subject property was no longer exempt because it was vacant. Plaintiff stated in its motion papers that the subject property "was being used two days a week for church services…the [a]ssessor evidently viewed the [subject property] on one of the five days of the week when it was not in use and mistakenly thought the property was vacant." Such a statement does not make the assessor's determination an "indisputable mistake." The court would have to make credibility determinations at a hearing or trial to determine whether the property was actually in use for religious purposes. When assessing viable Correction of Errors complaints, this court has previously stated:

> A number of areas that readily come to mind are: whether an item is real property and assessable or personal property and not assessable…whether property qualifies for any exemption from local property taxation…[a]ll of these matters involve an assessor's opinion or judgment but do not relate to matters of valuation.
> [H.G.K.W. Corp., 8 N.J. Tax at 461-62 (emphasis added).]

Because the assessor exercised his judgment or opinion when he determined that the subject property was vacant and therefore no longer in religious use, such determination is therefore excluded from the Correction of Errors statute. See N.J.S.A. 54:51A-7; Hovbilt, 138 N.J. at 617-18; H.G.K.W. Corp. 8 N.J. Tax at 461-62.

Therefore, the court finds that Plaintiff's petition to the Board was untimely and that Plaintiff's Correction of Errors claim is inapplicable to the case at hand. The Township's Motion to Dismiss is hereby granted, and judgment is entered accordingly.

/s/ Michael J. Gilmore, J.T.C